## FEATHERSTONE, etc v CLEVE RY CO.

Ohio Appeals, 8th Dist, Cuyahoga Co.

No. 9140. Decided Jan 14, 1929.

Moore, Mahon, Miller & Moore, Cleveland, for Featherstone.

Squire, Sanders & Dempsey, Cleveland, for Ry Co.

VICKERY, J

Apparently the theory of the court below was that, in as much as the driver, in order to save a person on the street, applied the brakes thus suddenly, he was guilty of no negligence and, therfore, the plaintiff was not entitled to recover. There is one thing, however, that the court left out of his consideration, and that was the speed of the bus. Now it must be remembered that from Ninth Street to a point at the Williamson Building is one of the busiest parts of the busy City of Cleveland. The streets are constantly being crossed by pedestrians and vehicles of all kinds are drawing out from the curb or going along the street, and the street is not a particularly wide one. Now, in order to escape responsibility, the driver of the bus must have his car under such control and drive at such a speed that he can stop his car if the emergency arises, without causing injury to the passengers who have paid for a safe ride in the bus. In other words, he must drive his car in such manner that he can anticipate and look out and protect his passengers if some emergency should arise, or something appear in front of the bus, and have it stopped without causing serious damages, or any damages to his passengers. Now, in this case, the plaintiff's testimony was that the bus was going twenty-five miles or more an hour. This may or may not be negligence. It depends entirely upon the situation. It depends entirely upon the traffic upon the street. It is prima facie negligence in driving the car more than fifteen miles in a closely built up district as this is.

This was a question for the jury to determine. If this case had been submitted to a jury they might have found that the driver was guilty of no negligence, that the emergency was so sudden that even though the car had been going slower, the accident would have happened just the same. But those are questions of fact which the court could not determine. There was surely more than a scintilla of evidence in this record to show that the defendant company was guilty of negligence in the speedy operation of this bus and we think, therefore, that the court erred in directing a non-suit and in entering up a judgment in favor of the defendant before all the evidence was head.

The jugment, therefore, will be reversed and the cause remanded to the Municipal Court for a new trial.

Sullivan, PJ, and Levine, J, concur.