By the Court.
 

 Both of these cases arose from the same accident; the injuries resulting from a collision between a bus of the Cleveland Railway Company and an automobile driven by one Arthur Peters. Two separate suits were brought against the railway company. In one, Guy H. Orwig secured a verdict and judgment for $1,500, which was affirmed by the Court of Appeals. In the other, Robert L. Ingledew secured a verdict and judgment for $150. The Court of Appeals reversed the latter judgment, because it was contrary to the weight of the evidence, and remanded the case to the trial court. Motion for a directed verdict in each of the eases was made by the railway company. These motions were interposed at the close of the plaintiff’s evidence and again at the close of the entire testimony. Both of these motions were overruled by the trial court. The railway company prosecuted error to the appellate court, and later to this court, contending that the record disclosed that the railway company was and is entitled to final judgment in each case. The cases are here for review after allowance of motions for certification.
 

 Since the evidence in both cases is substantially alike, the cases will be considered and disposed of together.
 

 The bus of the railway company, in which Orwig and Ingledew were passengers, was being operated
 
 *136
 
 in a westerly direction over a brick pavement twenty feet in width. The pavement was wet. The plaintiffs’ testimony tended to show that the bus was proceeding in about the center of the road, at a rate of speed of from thirty to thirty-five miles per hour, and that it swerved to the left, or southerly part of the highway. None of plaintiffs’ witnesses saw the cause of the collision, nor the approaching automobile of one Peters driving in an easterly direction and toward the approaching bus. This was the only evidence which counsel for the plaintiffs relied on as proof of their claim that a justifiable inference arose that, because of the speed and swerving of the bus, the conduct of its driver was the negligent and proximate cause of the accident. However, when the testimony of the defense was offered, the manner and cause of the accident was explained, and explained by testimony that was not disputed.
 

 One Arthur A. Peters, an employe of a lumber company, driving a Chevrolet car on the highway in an easterly direction at a speed of about twenty-five miles per hour, testified that, as he was traveling on the proper or south side of the highway, and when he was about one hundred and fifty feet distant from the bus, his steering wheel suddenly locked, causing his automobile to swerve from the right to the left side of the highway, and upon the side of the highway over which the bus was approaching; and that the driver of the bus swerved to the left in order to avoid collision with his car. The driver of the bus failed to make clearance for the car, resulting in the collision of the car with the right rear side of the bus. Peters testified, in the Orwig case:
 

 “Q. What is that? A. My steering wheel locked.
 

 
 *137
 
 “Q. Your steering wheel locked. Now, had you had any difficulty with your steering wheel before, Mr. Peters? A. No, sir.
 

 “Q. As you were approaching from the west coming east, and the bus was approaching you, tell the ladies and gentlemen what occurred there that day? A. Well, I was going east and seemed very suddenly my car swerved over to the northerly side of the street. I tried to jump the curb, but I couldn’t.
 
 *
 
 # *
 

 “Q. Was that bus also coming, moving toward you? A. Yes, sir.
 

 “Q. So that both vehicles were moving, the bus on the right-hand side of the street and you on the same side of the street coming toward the bus? A. Yes, sir.
 

 “Q. Now, instead of the bus and your machine meeting head on in that side of-the street, as I understand you, the bus turned to the left, southerly side of the street? A. Yes, sir.
 

 “Q. And did your, automobile have some contact with some part of the bus ? A. It did.
 

 “Q. And were you able — you may state whether or not you were able to control your car after the steering wheel went defective there on you that day, Mr. Peters? A. No, I couldn’t control it.”
 

 Peters, gave similar testimony on the Ingledew trial. We do not allude to the testimony of the bus driver, although it supports the contention of the defendant relating to the real and proximate cause of the accident.
 

 It is apparent from the undisputed facts that the collision would not have occurred but for the locking of the steering wheel of the car, causing its
 
 *138
 
 driver to so lose control over it that it careened to the wrong side of the highway. This and not the conduct of the bus driver was the proximate cause of the accident. It is evident from the record that in the sudden emergency which confronted him the bus driver did what he could to avoid the collision, as he was in duty bound to do. In the situation here presented, the cases are determined upon the principle announced in
 
 Cleveland City Ry. Co.
 
 v.
 
 Osborn, 66
 
 Ohio St., 45, 63 N. E., 604.
 

 In both cases, the trial court should have sustained the motion of the defendant for a directed verdict; and the Court of Appeals should have rendered final judgment for the railway company. For failing so to do, the judgment of the Court of Appeals in each case is reversed, and final judgment rendered in favor of the plaintiff in error.
 

 Judgments reversed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.