### CANTON MOTOR COACH, INC v HALL

Ohio Appeals, 5th Dist, Stark Co

No 1398. Decided Oct 18, 1933

Black, McCuskey, Ruff and Souers, Canton, for plaintiff in error.

Sickafoose and Creighton, Canton, for defendant in error.

## OPINION

By LEMERT, J.

On the issues raised by these pleadings, a trial was had to a jury on March 29th, 1933, in the Common Pleas Court of Stark County, which resulted in a verdict in favor of plaintiff in the amount of $8,000.00. Motion for new trial was filed and overruled, and a petition in error was filed in this court, which is as follows:

"CANTON MOTOR COACH, Inc.
         Plaintiff in Error,
                vs
     Thealma E. Hall,
     Defendant in Error,
                    PETITION IN ERROR.

Now comes Canton Motor Coach, Inc., the plaintiff in error, and for its petition in error, says that at the May term, 1933, of the Court of Common Pleas of Stark County, Ohio, in a civil action therein pending, wherein the defendant in error was plaintiff and this plaintiff in error was defendant, said defendant in error, upon the verdict of the jury, recovered a judgment against this plaintiff in error in the sum of Eight Thousand Dollars ($8,000.00), and costs; that a transcript of the docket and journal entries and the original pleadings and papers, including a bill of exceptions, are filed with this petition in error; that there is error in the record of said cause prejudicial to the rights of this plaintiff in error, in this, to-wit:

FIRST: That the verdict of the jury and judgment of the court is not sustained by sufficient evidence;

SECOND: That the verdict of the jury and the judgment of the court is contrary to the manifest weight of the evidence. and is contrary to law;

THIRD: That the trial court erred in the admission of testimony offered by the defendant in error over the objection and exception of the plaintiff in error;

FOURTH: That the trial court erred in the exclusion of testimony offered by the plaintiff in error, to which the plaintiff in error then and there excepted;

FIFTH: That the trial court erred in overruling the motion of the plaintiff in error for a directed verdict in its favor made at the close of defendant in error's case in chief;

SIXTH: That the court erred in overruling the plaintiff in error's motion for a directed verdict in its favor at the close of all the testimony in the case;

SEVENTH: That the verdict of the jury is excessive and appears to have been rendered as a result of passion and prejudice;

EIGHTH: That the court erred in his charge of the jury, to which the plaintiff in error then and there excepted;

NINTH: That the trial court erred in overruling the motion for new trial filed by the plaintiff in error;

TENTH: That other errors of law intervened in the trial of said cause prejudicial to the rights of the plaintiff in error, and to which the plaintiff in error excepted, as will appear from the record of the cause."

While the motion contains ten grounds of alleged error, the errors seriously complained of in oral argument and in brief are: First, the verdict is contrary to the weight of the evidence and is not sustained by sufficient evidence; Second, the verdict is excessive; Third, the court erred in the admission and exclusion of evidence; Fourth, newly discovered evidence; Fifth, for error in the court's charge.

From an examination of the record in this case, as disclosed by the pleadings and the testimony in the court below, we find that the pertinent parts of the petition and answer raise the following questions and make the issues: First, Was the defendant negligent? Second, Was this negligence the proximate cause of the injury complained of by the plaintiff? Third, Was the plaintiff injured as she alleged in her petition?

In the trial of this case we note that the plaintiff testified in her own behalf, as shown by the record on pages 13 to 29, inclusive. The plaintiff's petition is vague and indefinite as to just what act or acts on the part of the defendant were claimed to be negligent, and a careful examination of the testimony in the court below, and especially the testimony of the plaintiff herself, to our minds shows nothing else other than the fact that a collision occurred. Negligence is the violation of a duty imposed by law by the party accused of it. We are unable to find any evidence in the record, whether adduced by the plaintiff or the defendant, or any of their witnesses, to show that the defendant was guilty of the violation of any duty that he owed to

the plaintiff. The authorities are legion which hold that the mere happening of a collision between vehicles and the injury of some person do not constitute actionable negligence. There must be some violation of a duty which caused the collision to occur and which directly and proximately caused the injuries to the person complaining.

A careful inspection of the record discloses that about all that can be said for plaintiff's testimony is that it proves that the bus ran into an automobile owned by another person at a certain time and place. There is nothing to show what caused the collision to occur, much less any testimony disclosing an act either of omission or commission on the part of the defendant which caused the collision to occur.

In the case of **The Cleveland City Railway Company v Osborn, 66 Oh St, 45,** the syllabus of this case is as follows:

"1. In an action to recover for personal injury occasioned by negligence of the defendant, the plaintiff cannot recover by merely proving an act of the defendant which was the proximate cause of the injury; but to authorize a recovery, the plaintiff must also show that such act resulted from culpable negligence by the defendant.

2. Where a passenger on a street railway car was thrown from the car and injured by the sudden stopping of the car in the effort to avoid a collision, and by the shock of a collision which was not brought about by the negligence of the defendant, it is damnum absque injuria."

The facts in the above cited case were very similar to the case at bar. In the case above quoted, the motorman of the cable car was confronted with a sudden emergency and he used his best judgment to avoid injury to anyone, by stopping the car as quickly as he could. In the instant case, the plaintiff's testimony shows that a car ahead of the bus in which plaintiff was riding suddenly stopped, and that the driver of the bus slammed on the brakes and was able by so doing partially to avert a collision.

Another case exactly in point with the case at bar is the case of **The Cleveland Street Railway Company v Orwig** and **The Cleveland Railway Company v Ingledew.** These two cases were tried together and are reported in **124 Oh St 134.** On page 135 we note the following:

"The bus of the railway company, in which Orwig and Ingledew were passengers, was being operated in a westerly direction over a brick pavement twenty feet in width. The pavement was wet. The plaintiffs' testimony tended to show that the bus was proceeding in about the center of the road, at a rate of speed of from thirty to thirty-five miles per hour, and that it swerved to the left, or southerly part of the highway. None of plaintiffs' witnesses saw the cause of the collision, nor the approaching automobile of one Peters driving in an easterly direction and toward the approaching bus. This was the only evidence which counsel for the plaintiffs relied on as proof of their claim that a justifiable inference arose that, because of the speed and swerving of the bus, the conduct of its driver was the negligent and proximate cause of the accident. However, when the testimony of the defendant was offered, the manner and cause of the accident was explained, and explained by testimony that was not disputed."

In the case at bar, so far as the testimony of the plaintiff is concerned, she proved that she was a passenger in a bus operated by the defendant, pursuant to defendant's business as a common carrier of passengers for hire. She also proves that a collision occurred to the bus in which she was riding and claims that as a result of the shock of the collision she received certain injuries. Apparently relying upon the duty of a carrier to a passenger to exercise the highest degree of care to its passengers, she failed to prove or to introduce testimony tending to prove anything beyond the mere happening of a collision. We observe from the two authorities just quoted that while a common carrier is bound to use the highest practicable degree of care in its conduct towards its passengers, that it is not required wilfully and wantonly to ignore its duties to others in the performance of its duty to its passengers. A carrier must use every precaution for the safety of its passengers and at the same time not violate the duty which it owes to other people to use ordinary care not to injure them. We are unable to understand what the plaintiff would have the defendant do in the case at bar. The driver of the bus was faced with a sudden emergency in which there were only two alternatives. He could have done nothing and let the bus crash into the car ahead, seriously endangering the life of its occupants, as well as the lives of the passengers on the bus, or he could have done exactly what he did do, namely, apply the brakes as forcefully as possible in an effort to avert

the collision, which effort, as shown by the testimony, was so nearly successful as to result in only slight damage to the car with which the bus collided and none to the bus itself.

The mere proof of the happening of an injury to a passenger, without showing an actual definite breach of duty by the carrier, is insufficient in law to constitute a ground of actionable negligence, and the evidence in the record before us in the instant case clearly shows that the cause of the collision was not the negligence of the bus driver, but that of another person who created an emergency in which the driver acted in the only way possible for an ordinary prudent person to act.

We are of the opinion that the record before us fails to sustain the verdict on the issue of negligence or on the issue of proximate cause. It therefore follows and is the opinion of this court that the court below erred in overruling the motions of the defendant for a directed verdict made at the close of the plaintiff's case in chief and at the close of all the testimony in the case.

On grounds Nos. 2, 3 and 4 we find no error. Coming now to the fifth ground of error, to-wit: error in the charge of the court, as we have already stated, the petition in this case alleged but one act of negligence on the part of the defendant, namely, and we quote from the words of the petition, that, "the operator of said bus carelessly and negligently drove his said bus into and against an automobile driven by another party." Now, we find in the charge of the court, at page 206 of the record, the following:

"I think there are two allegations of negligence alleged on the part of the defendant,—one is driving the bus into another automobile, and the other is a violation of §12603, GC, which reads—

'No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due regard for the traffic, surface and width of the road or highway and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead'.

These are the two allegations of negligence, plaintiff need not prove both of them; one will be sufficient if you further find that the negligence was the proximate cause of the injuries to the plaintiff in this case."

The above statement of the court below is not qualified in any other portion of the court's charge. There is only one fair interpretation which can be put upon it and that is that the jury were instructed definitely that if they found either that defendant had violated the statute which the court read, or that defendant had driven the bus into another automobile, that they could find that the defendant was guilty of negligence. In other words, the jury were told in no uncertain terms that if they found a collision had occurred wherein the bus hit another vehicle, they could find the defendant guilty of negligence. We believe there can be no other interpretation of the words on the part of the court.

Every negligence case ever decided in the State of Ohio, so far as we are able to learn, holds that the mere happening of an accident is not of and in itself evidence of negligence, but that it must be pleaded and proven by the testimony and that the party sought to be charged with negligence was guilty of some culpable violation of a positive duty owing by him to the plaintiff. This rule is stated in the Osborn case, supra, and has been reaffirmed in the Orwig and Ingledew cases, above quoted. We believe this charge was prejudicial error and it is coupled with another error of equal import, namely, the thrusting of the trial court into the case of another issue not already in the case, by reason of the evidence. The pleadings and the proof adduced tended to show a single act of negligence, yet the court stated to the jury that there were two.

We are, therefore, of the opinion that the court below committed prejudicial error in the above charge.

For the reasons hereinbefore stated, the finding and judgment of the court below will be and the same is hereby reversed, and cause remanded for further proceedings according to law. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.