### HANEY, Plaintiff-Appellee, v. DAYTON STREET TRANSIT COMPANY, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1765.   Decided February 7, 1944.

Hyers, Leyland & Patterson, Dayton, for plaintiff-appellee.

Landis, Ferguson, Bieser & Greer, Dayton, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of the plaintiff and against the defendant for the sum of $5000.00 and costs, entered on the verdict of a jury. The jury also answered certain special interrogatories submitted upon request of both parties. There are nine errors assigned, one of which is most strongly urged, namely, that there is irreconcilable conflict between the answer to defendant's Special Interrogatory No. 1 and the general verdict.

Said interrogatory is as follows:

"Were whatever injuries plaintiff received the direct and proximate result of the stopping of the defendant's bus which was solely and proximately caused by a truck pulling into the path of the bus without warning and there coming to a sudden stop creating an emergency situation?" Answer: Yes.

Plaintiff's Special Interrogatory No. 1 was also submitted to the jury. It is as follows:

"Were plaintiff's injuries the proximate result of negligence on the part of defendant, acting through its said trolley

bus operator, in failing to keep a proper lookout at the time and place of said injuries?" Answer: Yes.

It will be noted that the general verdict and the answer to plaintiff's interrogatory are consistent and establish that the jury found the defendant's agent to be negligent in a specific manner and that such negligence was a proximate cause of plaintiff's injuries. The jury characterized the defendant's negligence as "the proximate result of negligence on the part of the defendant."

The language of defendant's Special Interrogatory No. 1 is confusing and somewhat baffling, but the jury was instructed to answer it and had to accept it in the phraseology in which it was tendered. The gist of the answer, as we interpret it is, that the action of the truck driver in pulling his truck into the path of the bus created an emergency situation. There is nothing in the answer to the interrogatory to the effect that the jury found any negligence on the part of the truck driver nor that such negligence was the sole proximate cause of plaintiff's injuries. It did expressly find that the negligence of defendant's agent was the proximate cause of her injuries. It was only necessary to plaintiff's recovery that the negligence of defendant's agent was a proximate cause of her injuries. The jury also said that plaintiff's injuries were the direct and proximate result of the stopping of defendant's bus.. There is nothing inconsistent with the general verdict in this conclusion because there may have been more than one proximate cause of her injuries. The next conclusion of the jury is, that the stopping of the defendant's bus was solely and proximately caused by a truck pulling into the path of the bus without warning and there coming to a sudden stop, creating an emergency situation. If the sole proximate cause of the stopping of the defendant's bus was the pulling of the truck into its path, then this was a conclusion that defendant had no part in its stopping and was more than an emergency because an emergency situation, which the jury found to be established, implies that there may have been something which could have been done by defendant's operator after the truck was in the path of the bus. The jury had been specially instructed, at the request of defendant, as to the obligation of its operator in an emergency situation, but the interrogatory elicits no response as to how he met the situation, but ends by saying that it was created. The answer to plaintiff's special interrogatory and the general verdict supply the answer to the question.

There are untenable propositions in the inteorrgatory in that it properly assumes that there may be a finding by the jury of two proximate causes of plaintiff's injuries, but it characterizes that proximate cause resulting from the act of the driver of the truck as the sole proximate cause. Obviously, if there are two such causes neither can be the sole cause of plaintiff's injuries. The jury by its general verdict and in connection with its answer to plaintiff's special interrogatory designated the particular in which the defendant was negligent, namely, in failing to keep a proper lookout and expressly said that this was a proximate cause of plaintiff's injuries. The most logical interpretation of the general verdict, in the light of the answers to the two special interrogatories, is that the jury determines that the action of the truck driver caused an emergency situation in which situation the bus operator was negligent in failing to maintain a proper lookout and such negligence proximately caused plaintiff's injuries. Such an interpretation reconciles the general verdict and the answer to defendant's special interrogatory except in the particular wherein the word "sole" is employed and the use and the meaning of this word cannot be given application upon the factual situation set out in the interrogatory itself.

The other errors are that the verdict of the jury is manifestly against the weight of the evidence, not sustained thereby, contrary to law; the verdict was rendered under the influence of passion and prejudice; in giving of certain instructions before argument upon request of plaintiff and in permitting plaintiff's attorney to designate certain special instructions to be given before argument which were given as requested; in refusing special instructions requested by defendant to be given before argument; the court's stating upon giving special instructions that they were given at the request of the plaintiff or at the request of the defendant as the case might be; in the general charge and other errors appearing on the record.

In the general charge the court employed the following language:

"The defendant and its servant upon and in charge of its bus operating the same, are bound to exercise toward plaintiff for her safety as a passenger on such bus in the respects referred to in the instructions, the highest, reasonable, practical degree of care a very prudent person engaged in like business would exercise in this case."

It is urged that the use of the word "very" qualifying a prudent person enjoined a different and higher degree of care upon the defendant than the law requires. Counsel for appellee directs attention to the fact that the trial judge by his special charge before argument, and twice in his general charge, used the standard form of instruction with the omission of the adjective "very".

We do not believe it necessary to determine whether or not the charge as given by the court was an incorrect statement of the law because of a development growing out of the specific finding of the jury in its answer to defendant's Special Interrogatory No. 1.

The court at the request of the defendant in its Special Instruction No. 8 said to the jury:

"If you find that the plaintiff was injured by the sudden stopping of the defendant's bus in an effort to avoid a collision which was not brought about by the negligence of the defendant or its operator" the plaintiff cannot recover

and in Special Instruction No. 7

"The operator of the defendant's trolley bus had the right to assume that no vehicle would be driven suddenly into the path of his bus and there abruptly stopped without warning until he had knowledge to the contrary."

and in Special Instruction No. 6

"If you find that the driver of the defendant's bus was confronted with an emergency and without his fault placed in a situation of danger, he is not to be held to the exercise of the same care and circumspection that prudent persons would exercise where no danger is present; nor can it be said as a matter of right that he is guilty of negligence because he fails to make the most judicious choice between the hazards presented, or would have avoided the accident had he chosen differently. The question in such a case is not what a careful person would do under ordinary circumstances, but what he would be likely to do or might reasonably be expected to do in the presence of such existing peril."

The court in the general charge at page 320 of the record

said, in substance, that if the operator of the bus was confronted with an emergency it was his obligation to exercise only ordinary care. So that, without respect to the general obligation enjoined upon the defendant as a common carrier the due care on its part was specifically set forth as related to an emergency situation. This was the test which the jury was required to apply in the situation it found to exist, namely, that of an emergency.

We do not consider the question whether or not a common carrier in an emergency is required to exercise only ordinary care and is relieved from its obligation to exercise the highest degree of care consistent with the practical operation of the means of transportation employed. Judge Myers in the case of **Jones v Youngstown Municipal Railway Co., 133 Oh St** at pages **126** and **127** discusses the degree of care enjoined upon a railway company. The plaintiff had pled only that the defendant had failed to exercise ordinary care toward her in the situation set up. The court held that, notwithstanding such pleading, the degree of care required of a common carrier is a question of law, whether or not it has been exercised is a question of fact for the jury. In the situation there presented it was held that the carrier was required to exercise the highest degree of practicable care for the safety of its passengers for hire. That part of the general charge, even if erroneous, to which the assignment is directed, could not have affected the action of the jury in the light of the record.

It is further claimed that the court erred in stating at the time that certain special charges before argument were given to the jury that they were requested by the plaintiff or the defendant.

We have held in **Harper v McQuown, 30 Abs. 389,** that the action here objected to is not prejudicial error. The court in **Manchester v Youngstown Sheet & Tube Co., 24 Abs. 658,** held it to be improper for a court or counsel to indicate to the jury who prepared a particular charge but the court did not determine that such action was prejudicial error. We are satisfied, as stated in Harper v McQuown, that the preferable practice is for the court to give such charges as are found to be proper to the jury without any statement to indicate by which side of the case, plaintiff or defendant, they were requested. Our view of the matter is exactly as contended by counsel for defendant-appellant herein.

We find no prejudicial error in the refusal of the court to give defendant's Special Instruction No. 11 because the subject matter thereof had been sufficiently covered by defendant's Special Charge No. 6.

It is claimed that the court erred in failure to give defendant's Special Instruction No. 9 before argument as set forth in the provisions of **11305 GC.**

"The petition filed by the plaintiff must contain a statement of facts constituting a cause of action in ordinary and concise language."

The court was correct in refusing to give this special instruction. It is urged it had application because of the fact that the plaintiff had filed a petition and an amended petition wherein she had not set up, as a specification of negligence, that the defendant's operator had failed to maintain a proper lookout. The test of this section of the code is whether the petition at the time that the cause goes to trial conforms to its provisions and not whether at some prior stages of the proceeding the petition had emmitted some actionable cause. Page after page of the record was devoted to inquiry, particularly of the plaintiff and her husband as to the reason why her counsel had not inserted the specification of negligence as to the failure of the bus operator to maintain a proper lookout. The court was most indulgent of counsel and could well be supported had he further limited this class of testimony. The test of the right of cross-examination is whether or not the subject matter thereof would have been proper upon direct examination. It is indeed a very nice question if counsel for the plaintiff, who is the responsible agent in preparing the pleadings, had been called to the stand and interrogated at length as to the reason why he had not incorporated further specifications of negligence in his petition if such testimony would have been competent. It is so obvious that the parties do not understand the technical aspects of pleading that to bear down upon them respecting their failure to set up some further factual allegation is of doubtful value. Certainly it should be restricted to a development of the facts without extended and prolonged interrogation on the subject.

On the claim that the verdict and judgment were manifestly against the weight of the evidence, this record presents a very close question. The jury must have predicated its verdict, in the main, upon the testimony of Mrs. Loy Crosby who said that immediately prior to the sudden stoppage of the bus the operator had his head turned talking to a lady

passenger, second to his rear, and that she had observed this for a period of time prior to the accident. She also says that when she first saw the truck it was moving in front of the bus. One other witness and the bus operator testified that he was, at all times, looking straight ahead in the direction in which he was moving but the operator admitted that he may have been talking to one of his passengers. Some of the witnesses who were facing the west from which side it is claimed the truck emerged and moved around in front of the bus testified that they saw no truck. One witness for the defendant says that the truck was in front of the bus for an appreciable distance before it stopped. Although the truck was described by all of the witnesses who saw it as a two ton truck with a steel trimmed body and stakes and with tires in it or on the back of it, a police sergeant, investigator, stated that the driver of the truck told him, on the evening of the accident, that it was caused as he was following to the rear of an unidentified coal truck which suddenly stopped in traffic. The application of the brakes on the bus a split second sooner than they were applied might have made the difference in stopping which would have prevented plaintiff's injuries. It should be kept in mind that the bus driver was approaching an intersection at which it appears the light was against him and he knew that he might have to stop there whether or not any vehicle was ahead of him. The bus driver testified that he began applying his brakes immediately upon the truck starting to go around him and, it is obvious, that this would have been necessary to avoid the collision if the truck driver stopped a short distance after getting in front of the bus. Upon the testimony of Mrs. Crosby the jury had a right to infer that the brakes were not applied at the time fixed by the operator but only after the driver turned his head from the passenger to whom he was talking and when the truck was moving in the line of traffic ahead of the bus. We would have no hesitancy whatever in supporting a verdict in this case for the defendant but it is our obligation to examine the verdict for the plaintiff in the light of its most favorable interpretation in her favor. Upon such consideration we do not find that the verdict and judgment are manifestly against the weight of the evidence.

We have examined all errors assigned and find none established to the prejudice of the defendant. The judgment will be affirmed.

BARNES, P. J., and GEIGER, J., concur.