Stewart, J.
Did the trial court commit prejudicial error in the respects designated by the Court of Appeals?
In the first place, it must be noted that there is no allegation of any kind in plaintiff’s amended petition which charges the operation of defendant’s bus at a negligent rate of speed. The sole specifications of negligence are that the operator of the bus brought it to a stop in a sudden, unusual and unexpected manner; that he failed to have the bus under proper control; and that he failed to maintain a proper lookout.
Plaintiff, in answer to a question on cross-examination as to how fast the bus was going, answered, “Well, I don’t know if it was 20 or 25 miles per hour, I don’t know. ’ ’
No other witness for plaintiff testified as to speed, those who were asked simply saying that they did not know.
The bus operator said he had come around the corner on to Cooper street at from 5 to 10 miles an hour and had increased his speed from 10 to 20 miles per hour just before the sudden stop.
There was undisputed testimony to the effect that the boys had gone on to the sidewalks to let the bus pass, and, so far as the record shows, there was noth *401 ing in the street to make an ordinary speed a negligent one.
It is true that prescribed speed limits on the highways are not absolute; that a .speed in excess of them is merely prima facie evidence of unlawfulness; and that, if there are situations demanding a slower speed, a speed under the limit might well be a negligent speed. However, a close examination of the record in this case shows no condition in the street necessitating defendant’s bus to crawl, and there is positively no evidence of a fast speed, the highest being a mere guessed-at 20 to 25 miles per hour, which was at least 10 miles per hour below the admitted speed limit for the location.
It is true that the way the bus was being operated and all other circumstances should be considered in determining whether the operator of the bus was negligent, and the court charged to that effect when it said:
“Now, whether or not the defendant was negligent as respects any one of those three specifications is an issue of fact for the jury, applying the law, as I have just given it to you, to all the evidence in the case, and determining whether or not the defendant was negligent as' respects any one or more of those specifications.” (Italics ours.)
The court, therefore, left the question of the speed of the bus to the jury in connection with the specifications of negligence in plaintiff’s amended petition, and when it stopped plaintiff’s attorney in his final argument it simply ruled against him as to arguing that the bus driver was driving at a negligent rate of speed, not as to the speed of the bus in connection with specifications of negligence in the amended petition. When the court gave one of defendant’s special charges it said to the jury that there was no claim by the plaintiff that the bus was being operated at an *402 illegal rate of speed and it, therefore, must not consider that as a ground of negligence. The court did not say that the jury was not to consider the speed in reference to the specifications of negligence in the amended petition, for, as we have said, the court told the jury to consider all the evidence in reference to such specifications.
When plaintiff asked the court, at the conclusion of the general charge, to have taken into consideration the speed of the bus at the time it stopped in determining the negligence of the driver, the court asked plaintiff’s attorney as regards what specifications, and plaintiff’s attorney responded, “Just the general specification of negligence. ’ ’
There is no specification of negligence with reference to speed, and no amendment of the amended petition to conform to the evidence was asked at any time. It seems to us, therefore, that the court’s actions with reference to the speed proposition were not erroneous.
The court fully charged the jury, both in special charges and in the general charge, that, as a matter of law, it was the duty of defendant’s bus driver to exercise the highest degree of care, diligence and skill, consistent with the practical operation of the bus, in conserving the safety of plaintiff; that the defendant was responsibile for any negligence on its part proximately causing injury to plaintiff; that, if the jury should find that the bus driver unnecessarily, negligently and carelessly caused the bus to suddenly stop and as a direct result thereof plaintiff was injured, the jury should return a verdict for plaintiff; that the operator of the bus had a duty to exercise the highest degree of care consistent with the practical operation of the bus to avoid injuring plaintiff; and that, if he failed to do so and such failure was the proximate cause of plaintiff’s injury, it would be the duty of the jury to return a verdict for plaintiff.
*403 In reading both the special charges and the general charge, we do not see how the court could have more clearly defined the high degree of care required of the operator of the bus, and plaintiff had the advantage of having that duty stated again and again.
When the boy ran into the street to recover his football in close proximity to the bus, it was obviously the duty of the operator of the bus to do everything within his power to avoid injuring him, and, if the operator was not negligent in the course of his operation, the mere fact of an injury to a passenger as the result of a quick stop in the emergency would not give rise to a cause of action.
In the case of Cleveland City Ry. Co. v. Osborn, 66 Ohio St., 45, 63 N. E., 604, the syllabus reads:
"1. In an action to recover for personal injury occasioned by negligence of the defendant, the plaintiff can not recover by merely proving an act of the defendant which was the proximate cause of the injury; but to authorize a recovery, the plaintiff must also show that such act resulted from culpable negligence by the defendant.
“2. Where a passenger on a street railway car was thrown from the car and injured by the sudden stopping of the car in the effort to avoid a collision, and by the shock of a collision which was not brought about by the negligence of the defendant, it is damnum absque injuria.” See, also, Cleveland Ry. Co. v. Orwig, 124 Ohio St., 134, 177 N. E., 201, and Hrovat v. Cleveland Ry. Co., 125 Ohio St., 67, 180 N. E., 549, 84 A. L. R., 215.
The present case contains a simple issue.
If the operator of defendant’s bus was negligent in connection with the sudden stopping of his bus and as a direct result of that negligence plaintiff was injured, plaintiff had a clear right to recover. If the operator of defendant’s bus was not negligent in its operation and brought his bus to a sudden stop to avoid an in *404 jury to a boy who had run out into the street in close proximity to the bus, such a sudden stop would not in itself be negligent, and if it were made without any negligent act upon the part of the operator, plaintiff, even though injured by the sudden stop, would have no right of recovery.
This question was left to the jury by a charge of the court dwelling at length, and correctly, upon the duty owed by defendant to its passengers, and the jury found generally for defendant.
On the record of this case, we are of the opinion that the trial court did not commit prejudicial error as found by the Court of Appeals.
As to the complaint of plaintiff in reference to the special charges given to the jury by the trial court, submitted in writing by defendant, we are of the opinion that such complaint is not well taken. Those charges were merely to the effect that plaintiff could not recover by merely proving she was a passenger on defendant’s bus and sustained an injury, but she was required to prove the driver of the bus was negligent and such negligence was a direct and proximate cause of plaintiff’s injury; that the burden of proving negligence of the driver was upon plaintiff, and she was required to prove the driver was negligent by a preponderance of the evidence; that such negligence was a direct and proximate cause of plaintiff’s injury; and that defendant had no legal duty to prove that its bus driver was not negligent.
We are of the opinion that such instructions correctly state the law.
The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.

Judgment reversed.

Weygandt, C. J., Zimmerman, Middleton, Taet, Matthias and Hart, JJ., concur.