STINE, APPELLANT, *v.* SPRINGFIELD CITY LINES, INC., APPELLEE.*

(No. 521—Decided March 10, 1958.)

*Mr. William H. Ruger,* for appellant.
*Messrs. Rush & Henderson,* for appellee.

WISEMAN, J.   This is an appeal on questions of law from a judgment of the Common Pleas Court of Clark County in an action for damages for personal injuries, in which action the court at the close of all the evidence directed a verdict for the defendant.

The evidence shows that plaintiff suffered injuries when she fell inside a bus, operated by the defendant company, shortly after boarding the bus at the intersection of Texas Avenue and Kenton Street in the city of Springfield.   Kenton Street is about 40 feet in width and extends in an easterly and westerly direction.   Texas Avenue is about 18 feet in width and extends in a northerly and southerly direction and at its northern end runs dead end into Kenton Street, forming a T intersection. The bus route was north on Texas Avenue and then west on

---

*Motion to certify the record overruled, July 2, 1958.

Kenton Street. Plaintiff boarded the bus on the east side of Texas Avenue at the southeast corner of the intersection of Texas Avenue and Kenton Street. Although there is no curb on Texas Avenue, the bus was stopped near and parallel to the east curb line of Texas Avenue, the front of the bus being approximately 5 feet south of the south curb line of Kenton Street. Plaintiff had reached a seat near the front of the bus when there was a sudden jerk of the bus which caused her to fall.

The undisputed evidence is that the bus attempted to move forward and follow its route on west Kenton Street, which would have required a left turn; and that at approximately the same time an automobile, driven by one Charles Stretcher and headed in the same direction as the bus, appeared on the left side of the bus and attempted to pass in front of the bus by making a right turn into east Kenton Street. In order to avoid a collision with the automobile, the bus driver made an emergency stop. The automobile also stopped suddenly in front of the bus. A collision would have occurred had the bus driver not made an emergency stop.

The evidence is in conflict with respect to the distances travelled by the bus and the automobile after the bus left the parked position. The witnesses estimated the distance from 6 inches to 3 feet. The bus driver testified that he took his foot off the brake; that as he put his foot on the accelerator he looked for traffic on Kenton Street and then saw the automobile attempting to make a turn in front of the bus; and that he immediately made an emergency stop. When it stopped, the automobile was in front of the bus, the rear bumper of the automobile almost touching the front fender of the bus. The automobile was headed eastwardly and the bus was turned slightly toward the left.

The evidence is in conflict with respect to the bus driver's observation of the automobile prior to his starting to move the bus. The driver of the automobile testified that he drove up on the left side of the bus and stopped and spoke a few words to the bus driver, and the bus driver denied having a conversation with Stretcher or having knowledge of the presence of the automobile until it attempted to pass in front of the bus.

The only error assigned is that "the trial court erred in

granting defendant's motion for a directed verdict because the emergency doctrine does not apply where the emergency has been created by the negligence of the defendant.''

In the petition, the sole claim of negligence is the stopping of the bus with an unusual, sudden and violent jerk. This allegation, supported by proof and without explanation, would give rise to an inference of negligence. *Gongolewicz* v. *City of Cleveland*, 61 Ohio Law Abs., 442, 104 N. E. (2d), 703. However, this inference may be refuted by proof that such stop was necessary to avoid some unexpected emergency for which the defendant was not responsible. The general rule is stated in 8 Ohio Jurisprudence (2d), 652, Section 210, as follows:

''The decisions are in accord upon the proposition that a carrier is not liable for injuries to a passenger resulting from the application of the emergency brakes in order to avoid or prevent an imminent danger not otherwise avoidable, and reasonably believed to be attended with more serious consequences than the sudden application of the brakes.''

The defendant contends that the rule with respect to ''emergency stops'' applies in the instant case and relieves the defendant of liability. The plaintiff contends that the rule has no application to the facts presented and claims the benefit of a corollary rule which is stated in 8 Ohio Jurisprudence (2d), 653, Section 210, as follows:

''However, where the driver of the conveyance was negligent with regard to the emergency situation created, the jury may find this negligence to be the proximate cause of injuries suffered by a passenger due to the sudden stopping of the conveyance.''

It is conceded by counsel that if the general rule applies the judgment should be affirmed, and that if the corollary rule applies the judgment should be reversed on the ground that a jury question was presented.

We cite as follows and without comment the cases on which the defendant relies and which support the general rule: *Cleveland City Ry. Co.* v. *Osborn*, 66 Ohio St., 45, 63 N. E., 604; *Cleveland Ry. Co.* v. *Orwig*, 124 Ohio St., 134, 177 N. E., 201; *Canton Motor Coach, Inc.,* v. *Hall*, 46 Ohio App., 516, 189 N. E., 505; *Jones* v. *Columbus & Southern Ohio Electric Co.*, 82 Ohio App.,

46, 75 N. E. (2d), 830; *Gongolewicz* v. *City of Cleveland*, 61 Ohio Law Abs., 442, 104 N. E. (2d), 703. The cases cited in support of the contention that the defendant was negligent with regard to the emergency situation created are *Centofanti* v. *Youngstown Municipal Ry. Co.*, 157 Ohio St., 396, 105 N. E. (2d), 633 (the driver of the bus increased his speed after giving warning to boys playing in the street); *Featherstone, an Infant,* v. *Cleveland Ry. Co.*, 32 Ohio App., 93, 167 N. E., 606 (the speed of the bus); *Saeger* v. *Canton City Lines, Inc.*, 78 Ohio App., 211, 69 N. E. (2d), 533 (the speed of the bus in view of the traffic conditions); *Haney* v. *Dayton Street Transit Co.*, 45 Ohio Law Abs., 312, 67 N. E. (2d), 794 (the act of the bus driver in talking to the passengers and in not keeping a proper lookout). The facts in the instant case are dissimilar to the facts in the above-cited cases in which it was held a jury question was presented.

We now consider the specific question presented to the trial court. After the defendant moved for a directed verdict, the court interrogated counsel for the plaintiff at length on the particular act of negligence of the defendant on which she relied. (Plaintiff has other counsel in this court.) Plaintiff was requested to state what negligent act of the defendant created the emergency situation. After some difficulty, the court secured a definite statement of counsel for plaintiff, and on this point the record is as follows:

"Mr. Hicks: The only way they could have avoided a collision is for one vehicle to have gone at a much greater speed than the other.

"The Court: Then I take it that is the negligence that you claim on the part of the bus driver?

"Mr. Hicks: That is right.

"The Court: That he started the bus knowing that there was another vehicle approximately along side of him.

"Mr. Hicks: That is right. In fact the testimony was there was a conversation between the two drivers.

"The Court: I am trying to get what you claim is negligence. That is the negligence that you claim, that the operator of this bus put his bus in motion, knowing there was another vehicle on the same street and approximately parallel with him.

"Mr. Hicks: That is right."

This was the theory on which the case was tried and the motion for directed verdict decided. The trial court was required to construe the evidence most strongly in favor of the plaintiff. 39 Ohio Jurisprudence, 794, Section 180. If the court found that upon any essential issues reasonable minds could come to but one conclusion, which was adverse to the plaintiff, it was the duty of the trial court to direct a verdict for the defendant.

We know of no principle of law which would have required the defendant's bus driver, before moving the bus forward, to sit and wait for the driver of the automobile to make the first move. We do not have a case where the bus driver suddenly accelerated the bus in an attempt to pass ahead of the automobile, but one where the automobile moved forward at such speed and with such unexpected suddenness as to block the path of the bus, which had moved only a few feet at most.

We do not find any act on the part of the driver of the bus which constituted a violation of Sections 6307-37 (a), 6307-38 (a) and (b), or 6307-43, General Code, in effect at the time of the injury. The driver of the bus stopped before it entered the intersection.

The driver of the bus had the right to assume that the driver of the automobile would observe the law. *Swoboda* v. *Brown*, 129 Ohio St., 512, 196 N. E., 274.

The burden of proof rested on the plaintiff to prove by a preponderance of the evidence that the driver of the bus was negligent, and that such negligence was a direct and proximate cause of plaintiff's injury. The defendant had no legal duty to prove that its bus driver was not negligent. *Centofanti* v. *Youngstown Municipal Ry. Co.*, 157 Ohio St., 396, 404, 105 N. E. (2d), 633.

We have disposed of the only error assigned and find it not well made. However, one contention of the plaintiff bears comment. She contends that the proximate cause of her injury was the failure of the driver of the bus to keep a proper lookout for vehicles on the street. This contention is somewhat at variance with the claims made by the plaintiff both in the trial court and in this court. The driver's failure to keep a proper lookout was not charged as negligence in the petition. Counsel for plaintiff, upon being interrogated by the court before passing on the mo-

tion for directed verdict, made no such contention. The theory upon which the case was tried in the lower court must generally be adhered to on review. 3 Ohio Jurisprudence (2d), 42, Section 186. See, also, the opinion in the *Centofanti case, supra*, on page 402, where a similar question was resolved against the plaintiff. However, we have tested the correctness of the ruling of the trial court on the evidence presented with respect to both theories advanced by the plaintiff.

As we find no error in the record prejudicial to the rights of the plaintiff, the judgment is affirmed.

*Judgment affirmed.*

HORNBECK, P. J., and CRAWFORD, J., concur.

(Decided April 10, 1958.)

ON MOTION to certify.

*Per Curiam.* This cause is here submitted on motion of plaintiff for an order to certify the record to the Supreme Court for review on the ground that the judgment of this court is in conflict with the judgments entered in two other Courts of Appeals, citing *Featherstone, an Infant,* v. *Cleveland Ry. Co.,* 32 Ohio App., 93, 167 N. E., 606, and *Saeger* v. *Canton City Lines, Inc.,* 78 Ohio App., 211, 69 N. E. (2d), 553. We fail to find a conflict.

*Motion overruled.*

HORNBECK, P. J., WISEMAN and CRAWFORD, JJ., concur.