Zimmerman, J.
On Sunday afternoon, March 27, 1955, Manley called a cab of The Warren Zone Cab Company to be transported to a business engagement. Because of a physical handicap, he had written permission from the Director of Public Service and Safety of the City of Warren to ride in the front seats of taxicabs. Upon the arrival of the cab at Manley’s home, he entered the front seat. The two rear wheels of the cab were equipped with snow or mud tires.
Laird Avenue, N. E., is a paved street in the city of Warren, 16 or 18 feet wide. At the time, it was slippery due to an accumulation of ice and snow. As the cab was proceeding north on Laird Avenue on the right or east side, at a speed of from 20 to 30 miles an hour (the cab driver testified it was 20, Manley, 25 to 30, and Simpson, 30), it approached a curve. Simpson was driving her automobile south on Laird Avenue at a speed testified by her as 15 miles an hour. As she reached the curve and attempted to negotiate it, her car suddenly skidded and slid diagonally across the street and into the cab. The cab driver applied his brakes and did what he could to avoid contact. When they met, each of the two vehicles was moving at about five miles an hour. Due to the impact, Manley sustained a comminuted fracture of the left patella (kneecap), which required surgery and hospitalization at considerable expense.
We have carefully examined the record and particularly the bill of exceptions, and, although we are aware that a taxicab company, as a common carrier of passengers, is required, to exercise the highest degree of care for the safety of its patrons, *460 consistent with the practical operation of the conveyance in which they are riding, we are unable to discover wherein the cab company here failed in that duty. The cab company’s vehicle was proceeding along Laird Avenue in a lawful manner, when suddenly and in unanticipated circumstances the Simpson automobile skidded into it.
It is apparent that no collision would have occurred had the Simpson automobile not skidded, causing Simpson to lose control of the car, whereby it struck the cab. This and not the conduct of the cab driver was the proximate cause of the collision. It is plain from the evidence that in the emergency confronting him, the cab driver did all he reasonably could to escape the crash. No tenable basis exists for the jury’s verdict. On this appeal Manley does not rely on the proposition, as the trial court seems to have done, that the driver of the cab was negligent in selecting Laird Avenue as a part of his route, rather than some other street over which abrasive material had been scattered.
Controlling the instant case are the principles of law applied in the cases of Cleveland City Ry. Co. v. Oshorn, 66 Ohio St., 45, 63 N. E., 604; Cleveland Ry. Co. v. Orwig, 124 Ohio St., 134, 177 N. E., 201; and Mahoning Savings & Trust Co., Exr., v. Kellner, Admx., 131 Ohio St., 69, 1 N. E. (2d), 616.
Despite the serious injuries suffered by Manley because of this unfortunate incident, it is our firm opinion that the cab company was not at fault and was entitled to a directed verdict at the close of all the evidence or to judgment notwithstanding the verdict.
Therefore, the judgment of the Court of Appeals is reversed, and final judgment is rendered for The Warren Zone Cab Company.

Judgment reversed.

Weygandt, C. J., Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.