**Sophie KRASOWSKI, Plaintiff-Appellee,**

v.

**GREYHOUND LINES, INC., Defendant-Appellant,**

**The Greyhound Corporation, New Party Defendant-Appellant.**

**No. 18103.**

United States Court of Appeals
Sixth Circuit.

Oct. 23, 1968.

As Amended Nov. 29, 1968.

Foster J. Fludine, Cleveland, Ohio, for appellant, Arnold M. Edelman, of Hartshorn, Thomas, Edelman & Fludine, Cleveland, Ohio, on brief.

James M. DeVinne, Cleveland, Ohio, for appellee, Wallach, DeVinne & Ledsky, Cleveland, Ohio, on brief.

Before WEICK, Chief Judge, PECK, Circuit Judge, and CECIL, Senior Circuit Judge.

JOHN W. PECK, Circuit Judge.

Trial of this personal injury action in the District Court resulted in entry of judgment for the plaintiff-appellee on the verdict of the jury from which defendant-appellant* had perfected this appeal. Included in the twelve questions set forth by the parties as those presented on this appeal are the defendant-appellant's contentions that the trial court abused its discretion in making certain remarks in the presence of the jury during trial, in overstepping the bounds of permissible comment in the instructions to the jury, in effect in directing a verdict on the issue of appellant's driver's negligence in response to a written inquiry from the jury during deliberations, in depriving appellant's counsel an opportunity to discuss objections to the charge prior to the retirement of the jury, and in the rulings of the Court on admissibility of evidence questions during trial.

The accident giving rise to this action occurred on a bus operated by appellant on which appellee was a passenger en route from West Virginia to her home in Cleveland. Prior to the departure of the bus from Columbus, Ohio, appellee made inquiry of the appellant's driver concerning her point of destination in Cleveland, and renewed her inquiry when entering the Cleveland area. Upon approaching her destination appellee rose from her seat and was getting a piece of luggage from an overhead rack when the driver had occasion to bring the bus either nearly or completely to a stop. It is appellee's contention that this stopping of the vehicle precipitated her forward in the bus and threw her to her knees, resulting in the personal injuries for which the jury by its verdict allowed damages. The bus driver testified that prior to the occurrence he had been following a passenger automobile which suddenly and without warning slowed down and turned right onto a side street, and that he applied the air brakes of the bus to avoid collision with that car.

Appellant has cited a number of statements contained in the general

---

* The Amended Complaint added the Greyhound Corporation as a New Party Defendant, and, inasmuch as it was the owner and operator of the bus, the two Appellants are herein treated as one and the same.

charge of the Court in which it claims that the permissible boundaries of comment have been exceeded. Among such instances are the following:

"You have had a lot of experience in your life. You observed this driver and heard him talk. Would you figure he was gracious with these ladies or grumpy or grouchy?"

[The significance of determining whether the bus driver was "gracious with these ladies" as opposed to being "grumpy or grouchy" under the Court's rhetorical question would seem well calculated to prejudice at least female members of the jury.]

\* \* \* \* \* \*

"If a 10-ton bus, carrying 20 people, had two seconds in which to stop you can ask yourselves, what would have been the harm if he gave himself three seconds?

"\* \* \* so you must ask yourselves whether her standing in the aisle was the cause of her injury, or whether it was a sudden stop which the driver had to make because he apparently drove in such a fashion that he gave himself not quite two seconds in which to stop."

[In addition to the fact that this language was prejudicial to the defendant, it does not rest on a sound factual basis. In making the two second calculation from the evidence, the fact that *both* vehicles were moving was not taken into account.]

\* \* \* \* \* \*

"If he had but very little distance, whose fault is that? Wasn't he the driver? There is an axiom, 'Leave the driving to us.' Well, it was left to him, and you are going to have to judge what you think of how he drove."

■ Appellee contends that regardless of their appearance when set forth out of context, when read as part of the entire charge these statements were not improper. However, a reading of the entire charge does not support this contention. They are just as damaging to appellee's position when so read as when read separately, and it is concluded that the trial judge overstepped the permissible bounds in commenting on this evidence. United States v. Porter, 386 F.2d 270 (6th Cir. 1967); Gibson v. Erie-Lackawanna Railroad Co., 378 F.2d 476 (6th Cir. 1967); Benes v. United States, 276 F.2d 99 (6th Cir. 1960).

The Court's abuse of discretion in exceeding the permissible limits of comment during the charge constituted prejudicial error necessitating a vacation of the judgment and a remand for retrial.

While in the circumstances a resolution of the other questions presented is not required (in spite of the merit of appellant's contentions with reference to a number of them; see Laney v. American Airlines, Inc., 295 F.2d 723 (6th Cir. 1961)), we feel constrained to comment on two further issues. During the second day of its deliberations, the jury submitted two questions to the Court in written form over the signature of the foreman. The second of those questions made inquiry as to the responsibility of a common carrier to a passenger where "the conveyance was being operated in a normal manner taking into consideration possible emergencies that might arise between a starting point and a predetermined destination." The written reply to that question contained the following, over the signature of the trial judge:

"Mr. Foreman: In answer to your question: there is no need of your consideration of the question of any possible emergency here. There is not, in legal contemplation, any sudden emergency in this case. There was no legal emergency created here. If an emergency could be said to have been created here, it would have been created by the bus driver; if he created it, we do not, in law, consider it as such. Were it otherwise, a driver could create his own emergency, and then defend himself on the ground that he had an emergency to contend with. One cannot defend on a so-

called emergency which he creates himself.

"It was the responsibility of this bus driver, to so operate the bus, as to be able to bring it to a stop, or reduce its speed, in such a manner, so as not to contact the vehicle which turned to its right in front of him, and also so as not to endanger the safety of any passengers in the bus who might be standing, sitting, or in the process of walking up and down the aisle of the bus. It was the legal responsibility of the bus driver to use that highest degree of care that a careful, prudent, and skilled bus driver would use, for the safety of his passengers. This includes the necessity on his part for so operating his bus, as to prevent the necessity of making a sudden stop to avoid striking another automobile which has been traveling in his path.

*"The fact that this bus driver found it necessary to bring his bus to such a sudden stop, in order to avoid striking a car which had been in front of him for a considerable distance on this street, and for a considerable length of time, in and of itself constitutes a failure on the part of the bus driver to have used that highest degree of care which the law requires a reasonably careful, prudent, and skilled bus driver to use."* (Emphasis supplied.)

The final paragraph of the above quotation clearly amounts to a direction of a verdict in favor of the plaintiff on the issue of negligence, and we hold such direction to be improper. In the initial portion of the response to the jury's question, the trial court erroneously stated, in effect, that no sudden emergency existed in this case as a matter of law. We hold that under the law of the state of Ohio a question of fact for the determination of the jury was created on the record as to the existence of a sudden emergency. Satterthwaite v. Morgan, 141 Ohio St. 447, 48 N.E.2d 653 (1943); Stine v. Springfield City Lines, Inc., 106 Ohio App. 429, 155 N.E.2d 245 (1958); 8 O.Jur.2d

652–53. There were differences in the evidence concerning both the movements of the passenger vehicle which had been proceeding ahead of the bus in first slowing down and in then making a right turn into a side street, and in connection with the manner in which appellee's driver applied his brakes. The latter was variously described as a "normal braking action," a "mild" application of the brakes (as contrasted with a "forceful" one), as a "smooth or more-or-less smooth stop * * * as opposed to a jerky stop," but the stop was also characterized as a "sudden" one, and other testimony stated that the driver "jammed on the brakes," "suddenly applied his brakes," and "put on his brakes real fast." This divergency clearly created an issue of fact, and it was error for a trial court to in effect take that question from the jury by directing a verdict as to it.

Reversed and remanded.