53 F.3d 331
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 ALLSTATE INSURANCE COMPANY, Plaintiff and Counterclaim Appellee,
v.
Lynn E. SHULER, Barbara Shuler, Defendants and Counterclaim
Plaintiffs-Appellants,
Southridge Construction and Management, Inc., Counterclaim
Plaintiff-Appellant.
 No. 94-5329.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1995.
 
 Before: KEITH, MARTIN, and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants Lynn E. and Barbara Shuler, husband and wife, and Southridge Construction Management, Inc., appeal the district court's decision denying their motion for a new trial. Because the district court did not abuse its discretion in denying the motion for a new trial, we affirm.
 
 
 2
 The events leading to this litigation may be summarized as follows: On July 12, 1991, the Shulers' home in Oak Ridge, Tennessee, burned down, allegedly causing approximately $146,000 in personal property loss and $436,000 of real property loss, consisting mainly of damage to the residence. Allstate Insurance Co., a foreign corporation issuing insurance policies in Tennessee, had issued a homeowners policy to the Shulers. This policy was in effect at the time of the fire loss. Allstate, however, denied the Shulers' insurance claim for fire loss. Believing the fire to be of suspicious origin, Allstate sued the Shulers for a declaratory judgment concerning Allstate's liability under the policy. Allstate claimed that the Shulers either set the fire, or directed it to be set, and committed fraud and misrepresentation with respect to their insurance claim. The Shulers and their construction corporation (hereinafter the "Shulers") filed a counterclaim for breach of contract against Allstate.
 
 
 3
 After trial, a jury returned a unanimous verdict in favor of Allstate, finding that Allstate was not liable to the Shulers for breach of contract. Claiming that the district court made several errors in its evidentiary rulings, permitted improper jury argument, and made improper comments in the hearing of the jury, the Shulers moved for a new trial. The district court denied the motion. The Shulers appeal the denial of their motion for a new trial.
 
 
 4
 We review the denial of a motion for a new trial for abuse of discretion. Davis by Davis v. Jellico Community Hosp., Inc., 912 F.2d 129, 132-33 (6th Cir. 1990). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir. 1989). We have also recognized that "[t]he governing principle in the Court's acting on a motion for new trial is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice; and where an injustice will otherwise result, the trial judge has the duty as well as the power to order new trial." Davis by Davis, 912 F.2d at 133 (quoting Kilgore v. Greyhound Corp., 30 F.R.D. 385, 387 (E.D. Tenn. 1962)). Seven of the ten issues the Shulers raise on appeal concern errors in evidentiary rulings. We review a district court's evidentiary rulings for abuse of discretion. Hancock v. Dodson, 958 F.2d 1367 (6th Cir. 1992). Other standards of review are discussed below.
 
 
 5
 The Shulers argue that the district court erred in "ruling" that their expert witness could not give testimony "which disagrees with the conclusions of another party's expert." The district court did not actually "rule" on an objection concerning the Shulers' expert's testimony, but rather instructed the Shulers on the proper subject matter of expert testimony. The court told the Shulers' counsel that he should not put Mr. Bayne, the expert, on the stand solely to elicit testimony regarding whether Bayne agreed or disagreed with the conclusions of Allstate's expert. The court said that Bayne could give his own opinion concerning the cause of the fire, the basis for his opinion, his qualifications as an expert, et cetera, so that the jury could draw its own conclusions. Subsequently, the Shulers decided not to call Bayne and did not proffer Bayne's testimony. Thus, a record regarding this "objection" has not been created and the question is not properly before this court for review.
 
 
 6
 The Shulers next claim that a portion of Ken Kendall's trial testimony, where he states his feelings concerning certain statements made by Mr. Shuler, was irrelevant and should have been excluded. Mr. Kendall first commented on his feelings after the Shulers questioned him regarding the meaning he attached to Mr. Shuler sticking his head in the door of Kendall's office and saying "I want you to know I'm not mad at you and this has nothing to do with you." J.A. at 149. On re-direct, the Shulers objected based on relevancy when Allstate asked further questions to clarify Kendall's testimony. The court overruled the objection. Kendall testified "I began to wonder about [Shuler's statement above, at J.A. 149] after the fire, because I did reflect back on remembering, you know, the statement having been recently made, just I guess maybe thought runs through your mind." J.A. at 154. The Shulers opened the door by asking for irrelevant evidence from Kendall and, while this evidence is adverse to the Shulers, it is not overly prejudicial. Therefore, the Shulers do not have standing to object to this testimony. McCormick on Evidence Sec. 57 (4th ed. 1992); see also Rodriguez v. Delray Connecting R.R., 473 F.2d 819, 821 (6th Cir. 1973) (discussing one "opening the door" situation).
 
 
 7
 The Shulers also argue that Exhibit No. 56, a list of personal property about which Allstate claims the Shulers made misrepresentations, contains hearsay statements in the form of notes made by Gary Noland, an Allstate claims adjuster, during the course of his review of the claim. These notes ("Eight years off the market; Kimball's $750.00; "Fifteen years at least since sold; $25.00 at Sam's," Appellant's Brief at 27) were offered to show why Noland questioned the truthfulness of the Shulers' claims, and Noland testified as to these reasons at trial. These notes were not offered to prove the truth of the matters asserted in the notes, and therefore are not hearsay.
 
 
 8
 The Shulers also argue that the district court erred in ruling that a document prepared by Mr. Shuler, a rewrite of the Shulers' original 180-page personal property loss claim document, was not admissible. The Shulers prepared this "rewrite" to show that their 180-page claim would really be a 60-page document if written without blank lines between items listed. Also, Mr. Shuler wanted to use the document to testify as to his opinion regarding the actual cash value of the items listed in the original claim.[1] It appears that the Shulers wanted to admit this document as demonstrative evidence to show that the Shulers' claim could be reduced to 60-pages, and not as an original writing. In sustaining the objection, the court apparently believed that the jury could be misled or confused by having two claim documents, the original showing replacement values and a non-original, shorter claim document showing actual cash values. The court stated that it saw no point in admitting this document, and further stated that "what is filed is what counts." We do not think the district court abused its discretion in refusing to admit this altered claim document into evidence. Further, Shuler could have testified as to his opinion of the actual cash values, but was never asked the question.
 
 
 9
 The Shulers next claim that the district court erred in sustaining an objection to the cross-examination testimony of Gary Noland, an insurance adjuster for Allstate, concerning what Allstate's fire investigator John Lentini told Noland regarding the origin and cause of the fire. The court believed that this testimony was hearsay. At side bar, the court considered the Shulers' arguments as to why this testimony should be admitted, including the argument that it was not being offered for its truth, but to show a lack of credibility and bad faith. The court rejected these arguments in light of the fact that Lentini could have been deposed but was not. The district court did not abuse its discretion in excluding Noland's testimony as to the "verbal report" he received from Lentini concerning the cause of the fire.
 
 
 10
 The Shulers also believe that the district court erred in failing to instruct the jury on the "missing witness" rule. We agree with the Fifth Circuit that the "missing witness" or "uncalled witness" rule is inapplicable in federal court. Herbert v. Wal-Mart Stores, Inc., 911 F.2d 1044 (5th Cir. 1990). Therefore, the court was correct in refusing to issue such an instruction as to the inferences to be drawn from the fact that Allstate did not call John Lentini.
 
 
 11
 The Shulers argue that the trial judge made four comments which were improper because they were "prejudicial, passionate, argumentative and derogatory." These comments were isolated remarks and their meaning with relation to the case is either innocuous or ambiguous. We have held that a court overstepped the bounds of judicial propriety where the court, in its charge to the jury, made extensive statements supporting or reiterating one side's argument. Krasowski v. Greyhound Lines, Inc., 402 F.2d 445 (6th Cir. 1968); Gibson v. Erie-Lackawanna R.R. Co., 378 F.2d 476 (6th Cir. 1967). As we said in Laney v. American Airlines, Inc., whether the district court abused its discretion by making comments or statements during trial is a matter of degree. 295 F.2d 723 (6th Cir. 1961). In this case, the court's remarks do not rise to the level of prejudicing the Shulers' case and were not improper.
 
 
 12
 The Shulers next argue that their character for truthfulness was put into issue by Allstate's assertion that they committed fraud and misrepresentation in connection with their claim. The district court granted Allstate's motion in limine excluding character evidence until the Shulers' character had been attacked. The Shulers claim that Allstate attacked their character for truthfulness with witnesses Southard, Sellers, Noland and even by Mr. Shuler as an adverse witness. The Shulers now argue that the court erred by "ruling that the [Shulers] could not use character and reputation witnesses even though the pleadings and testimony offered by [Allstate] put at issue the character and reputation of the Shulers[.]" However, the court did not rule that the Shulers could never put character witnesses on the stand, only that they had to do so at the appropriate time as required by Rule 608. Further, the Shulers did not attempt to put a character witness on the stand at trial. Because they proffered no character witness testimony, this objection is not properly before this Court.
 
 
 13
 The district court excluded a plywood sign saying "You Watch Out" which was placed on another property owned by the Shulers adjacent to the residence which burned. After considering the admissibility of the sign in light of Fed. R. Evid 401 and 403, the court excluded the sign upon Allstate's motion in limine. The Shulers argue that the court erred in disallowing this evidence because its probative value (that someone might have a grudge against the Shulers) outweighed any prejudice that might result from its admission. The district court did not abuse its discretion in determining that the unknowns regarding this sign made its possible prejudicial impact substantially outweigh its probative value.
 
 
 14
 Finally, the Shulers claim that Allstate made two improper comments in the course of its closing argument. However, the Shulers did not object to these comments at trial and have not shown that any error was so fundamental that gross injustice would result absent a new trial. United States v. Walton, 909 F.2d 915, 924 (6th Cir. 1990) (citation omitted); see also Nissho-Iwai Co. v. Occidental Crude Sales, Inc., 848 F.2d 613, 619 (5th Cir. 1988) (new trial may be ordered if improper closing argument irreparably prejudices a jury verdict).
 
 
 15
 Given the foregoing, the Shulers arguments on appeal are without. We conclude that the district court did not abuse its discretion in denying the Shulers' motion for a new trial. The decision of the district court is AFFIRMED.
 
 
 
 [1]
 The original claim listed the personal property at its replacement value