GOOSMANN, APPELLANT, *v.* HITCHCOCK, APPELLEE.

(No. 213—Decided May 6, 1953.)

*Mr. Chris Rosenhoffer* and *Mr. Oliver M. Dock,* for appellant.

*Messrs. Ely, White & Davidson,* for appellee.

*Per Curiam.* This is an action in which the plaintiff seeks to recover the value of certain goldfish which he alleged he sold to the defendant. The defendant, by his answer, in substance, denied that he bought the goldfish as alleged by the plaintiff, and in explanation of his denial alleged that at the time in question the plaintiff employed him to clean certain ponds containing goldfish under an agreement whereby he was to market the fish taken therefrom and divide the proceeds of sale equally between them. Defendant alleged further that after he had cleaned the ponds and had the fish in baskets or vessels, the plaintiff took 2,500 of the fish and retained them under a modification of the agreement to the effect that the remaining fish should be accepted by the defendant as compensation for his services.

The trial resulted in a verdict and judgment for the defendant.

The case is here on appeal on questions of law from that judgment.

Errors are assigned in the admission of evidence as to the market value of so-called "breeder" goldfish;

as to the reproductive capacity of such goldfish; and as to the amount of money that could be realized therefrom.

We have examined this record and are of the opinion that no error was committed in the admission of such evidence, and clearly no prejudice resulted therefrom to the plaintiff.

As we view it, the only substantial question presented by the record is whether the verdict is sustained by sufficient evidence.

The record shows that the defendant testified as to the terms of the modified contract, as alleged in his answer, and that his testimony was corroborated by one witness. The plaintiff denied the modification, and claimed he was supported in this denial by the terms of a letter which defendant had sent to him. We have examined this letter and find that it is ambiguous and indefinite, and susceptible of interpretation favorable to one or the other, dependent upon where the emphasis is placed.

On the state of the evidence, the case presented a question for determination by the jury, and this court would not be justified in substituting its judgment for that of the jury, particularly in view of the fact that its verdict was rendered under full and fair instructions, to which no exception was taken by either party.

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

MATTHEWS, P. J., ROSS and HILDEBRANT, JJ., concur.