TAXICABS OF CINCINNATI, INC., APPELLEE, *v.* KOHLER, APPELLANT.

(No. 8679—Decided December 21, 1959.)

*Mr. Edward K. Halaby*, for appellee.
*Messrs. Matthews & Swing*, for appellant.

LONG, J.   This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County.

On August 10, 1957, at about 6:30 p. m., the plaintiff, Taxicabs of Cincinnati, Inc., through one of its drivers had one of its taxicabs parked on the west side of Clifton Avenue, some distance south of Ludlow Avenue.  Defendant and the operator of a third car had been stopped at the intersection of Clifton and Ludlow Avenues, waiting for the traffic light.  When the green light appeared, defendant and the third car proceeded south on Clifton Avenue.  Substantial evidence in the record indicates, by at least four witnesses, that, as the defendant and the operator of the third car picked up speed and approached the taxicab, the third car speeded ahead of defendant and swerved into the path of the defendant causing him in turn to swerve to his right, forcing him into the rear of the taxicab.

In the trial of the case in the Municipal Court, the plaintiff, relying solely on the doctrine of *res ipsa loquitur*, offered evidence of the fact that its taxicab was struck in the rear by defendant, and then rested its case.  Defendant then offered the above testimony of being forced from his lane of traffic and into the taxicab, claiming that the situation created an emergency,

and, that having acted reasonably thereunder, he was free from negligence.

As stated above, plaintiff relies solely on the application of the doctrine of *res ipsa loquitur*. In effect, as we all know, this doctrine is merely a rule of evidence. In other words, the application of this rule simply stated is that the mere happening of the event raises an inference of negligence against defendant. However, the inference is rebuttable. Where the inference arises and no evidence is offered by the defendant, the plaintiff is entitled to judgment, but where the defendant assumes the burden of going forward, which is what happened in the case at bar, and offers evidence which tends to rebut the inference, then the trier of the facts, the court in this case, has before it the determination of whether, from all the evidence received, the defendant was guilty of negligence. The Cincinnati Municipal Court did exactly this. *Metcalf* v. *Franklin Asphalt Paving Co.*, 44 Ohio App., 173, 184 N. E., 762.

The cases cited by both parties sustain the view which we take of this case. *Cleveland Ry. Co.* v. *Orwig*, 124 Ohio St., 134, 177 N. E., 201; *Cleveland City Ry. Co.* v. *Osborn*, 66 Ohio St., 45, 63 N. E., 604. In our opinion, the Court of Common Pleas erred in reversing the judgment of the Municipal Court. The latter court heard the witnesses, and there is substantial evidence sustaining the judgment of that court to the effect that the defendant was free of any negligence. *Wolfson* v. *Horn*, 94 Ohio App., 530, 536, 537, 116 N. E. (2d), 751; *Goosmann* v. *Hitchcock*, 95 Ohio App., 247, 248, 118 N. E. (2d), 680.

The judgment of the Court of Common Pleas, reversing the judgment of the Cincinnati Municipal Court, is reversed, and the judgment of the Cincinnati Municipal Court is affirmed.

*Judgment reversed.*

Matthews, P. J., and O'Connell, J., concur.