LAURA L. ROBINSON *vs.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, Js.

Argued November 6th—decided December 1st, 1936.

*Raymond E. Baldwin,* for the appellant (defendant).

*Philip Reich,* with whom, on the brief, was *Samuel Reich,* for the appellee (plaintiff).

BANKS, J. The plaintiff was a passenger for hire in a bus operated by the defendant which came to a sudden stop, causing her to be thrown from her seat to the floor and to sustain injuries for which this action is brought. The appeal is from the trial court's denial of the defendant's motion to set aside the verdict in favor of the plaintiff. The plaintiff testified that the bus stopped "very suddenly" so that she was thrown "headlong" from her seat to the floor, and that she received severe injuries. She claimed that the jury might reasonably infer negligence from those facts alone. The defendant, as a common carrier of passengers for hire, was bound to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances. That the driver of defendant's bus failed to exercise the degree of care required of him in its operation could be proved either by direct evidence of what he did that was negligent, or by evidence of what took place as a physical fact showing indirectly that he was negligent. *Work* v. *Boston Elevated Railway Co.*, 207 Mass. 447, 93 N. E. 693.

The plaintiff offered no direct evidence of what the driver did that was negligent other than her own testimony that the bus had stopped "very suddenly." Such characterization of the manner of stopping the bus does not suffice as a description of an act of negligence. *Belledeau* v. *Connecticut Co.*, 110 Conn. 625, 628, 144 Atl. 127. But the physical effect of the sudden stopping of the bus may be considered as a physical fact tending to show indirectly negligence in its operation. *Belledeau* v. *Connecticut Co.*, supra; *Rosenthal* v. *New York, N. H. & H. R. Co.*, 88 Conn. 65, 89 Atl. 888. A stop so sudden that it caused the plaintiff to be thrown headlong from her seat to the

floor of the bus could reasonably be found to be so unusual as, in the absence of any explanation of its necessity, to justify an inference of negligence in the operation of the bus. As we said in the *Rosenthal* case (p. 68) with reference to the sudden stopping of a railroad train, "It is not asking too much of the defendant railroad that it should be put upon its explanation by evidence showing that the stop was uncommonly abrupt and that it produced a physical consequence in itself unusual, from which the plaintiff's injury resulted." In the absence of explanation, the jury would have been justified in inferring negligence in the operation of the bus from its abrupt stop coupled with the resultant physical effect upon the plaintiff.

In the present case, however, unlike the situation in the *Rosenthal* and *Belledeau* cases, the defendant offered an explanation of the sudden stopping of the bus. The driver of the bus testified that he was driving in traffic between ten and fifteen miles an hour, in second gear, that a car which was between fifteen and twenty feet ahead of him stopped suddenly without warning, that he applied his brakes to avoid hitting the car ahead and brought his bus to a stop in a distance of ten or fifteen feet, and that when the bus stopped it was within three or four feet of the car ahead. A passenger in the bus who occupied the same seat as the plaintiff testified that he thought the bus was going not over five miles an hour, and that a car cut right in front of it and was almost in front of the bus when the driver put on his brakes and stopped. This testimony was uncontradicted. The plaintiff offered no evidence as to what occurred except her own testimony that the bus was proceeding at a moderate gait, that she saw a car coming from the right

in front of the bus, and that the bus stopped suddenly and she was thrown to the floor.

The complaint alleged that the driver of the bus was negligent in that he did not have his vehicle under control, that he was operating it at a speed that was not reasonable and safe, and that he stopped it suddenly and without warning. There was no evidence that the speed was unreasonable or unsafe, and the fact that he stopped it suddenly and in time to avoid collision with the car in front would seem to be proof enough that he had it under control. There was no evidence to the contrary. That he did not stop it more suddenly than the exigencies of the situation required would appear from the fact it was within three or four feet of the car ahead when it was brought to a stop. If the bus had been stopped less abruptly undoubtedly a collision with the car ahead would have resulted. There was no evidence that the emergency which existed was created by any negligent act of the driver of the bus either by reason of a failure to keep a proper lookout, unreasonable speed or otherwise. In its essence the plaintiff's claim must be that the driver was negligent because he stopped his bus quickly enough to avoid a collision. His duty to his passengers required him to do this if it was reasonably possible. Since there was uncontradicted evidence in the case of the circumstances under which the bus was stopped, and the cause of its sudden stop, the jury were not permitted to infer negligence from the mere fact of a sudden stop with consequent injury to the plaintiff. The question before the jury was whether in view of all the circumstances the driver of the bus acted with the care required by law of a man circumstanced as he was. The burden was upon the plaintiff to prove that he did not. There was no evidence from which the

jury could reasonably find that he failed to exercise such care.

Since there must be a new trial it is unnecessary to consider the defendant's claim that the verdict should have been set aside on the ground that it was excessive.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except MALTBIE, C. J., who dissented.