MYRTLE BLENNERHASSETT *v.* THE CONNECTICUT COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.
Argued April 8th—decided May 5th, 1938.

*A. Frederick Mignone,* with whom was *Vincent P. Dooley,* for the appellant (plaintiff).

*John B. Grant,* with whom was *Charles A. Watrous,* and, on the brief, *J. Stephen Knight,* for the appellee (defendant).

PER CURIAM. The finding, which cannot be corrected, discloses that the plaintiff was a passenger on one of the defendant's busses, which was proceeding west on Orange Avenue. Admiral Street intersects Orange Avenue from the north and the crossing is provided with a blinking yellow pedestrian traffic light. A pedestrian desiring to cross the street can, by pressing a button, cause the light to show a steady yellow followed by red. When such a light is flashing yellow, "drivers of vehicles facing such signal may proceed through the intersection only with caution." General Statutes, 1937 Supplement, §107d. As the bus approached the intersection, the operator reduced his speed to about fifteen miles per hour and was watching the light and the crossing. When the bus was fifteen or twenty feet east of the crossing, a pedestrian, coming from cars parked on the right, appeared in front of the bus, a short distance away. The driver brought his vehicle to a sudden stop and as a result the plaintiff was injured. The court concluded that, under all the circumstances, the operator did not fail in any particular to exercise the high degree of care and skill required. This was a reasonable conclusion from the facts found. *Robinson* v. *Connecticut Co.,* 122 Conn. 300, 189 Atl. 453.

The plaintiff stresses her claim that the court should

have found the defendant negligent as a matter of law because of the failure of its operator to see the pedestrian sooner and to have the bus under better control. These claims were duly considered by the trial court. As stated above, the decisive conclusion reached from the facts found was reasonable and must stand. *Scott* v. *Wilson*, 82 Conn. 289, 291, 73 Atl. 781. The plaintiff's brief contains many citations of unexceptionable rules of law but, in general, the cases cited go no further than to hold that, under the circumstances, the decision of the trier was final.

There is no error.