**GONGOLEWICZ, Plaintiff-Appellee, v. CLEVELAND (City), Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22325.   Decided January 14, 1952.

Corrigan, McMahon & Corrigan, Cleveland, for plaintiff-appellee.

Robert F. Mooney, Cleveland, for defendant-appellant.

## OPINION

By SKEEL, PJ.:

This appeal comes to this court on questions of law from a judgment entered in the Common Pleas Court of Cuyahoga County in favor of the plaintiff.

The plaintiff was a passenger on one of the transit system's trolley buses which was going south on Broadway. He was seated on a side seat on the left-hand side of the bus directly behind the operator. There was a glass partition between this seat and the seat provided for the operator.

The plaintiff's petition alleges that "solely by reason of the negligence and recklessness of the defendant as hereinafter set forth, said trackless trolley was caused to lurch and jerk in such a violent, unusual and unnecessary manner as to cause the plaintiff to be thrown violently against the glass partition behind the driver's seat and seriously injuring him * * *." It is further alleged that the defendant's negligence consisted of—

1. Causing the bus suddenly to jerk and lurch in a violent, unusual and unnecessary manner.

2. In failing and neglecting to have and keep its bus under control.

3. In failing to maintain a lookout or to make observation to ascertain the position of the plaintiff in its bus before causing same to suddenly lurch and jerk in the manner aforesaid.

4. In failing to apprise the plaintiff of its intention to cause its bus to move in such a violent and unusual manner.

The answer of the defendant admitted the plaintiff was a passenger on the trolley bus and denied generally all of the allegations of the petition not otherwise admitted to be true which in legal effect put in issue all the claims of negligence, proximate cause, and damage as alleged by the plaintiff By its opening statement, the defendant admitted that the bus at the time and place, stopped suddenly, but denied that it was negligent in doing so under the circumstances.

The plaintiff in describing the manner in which he was injured testified that the bus came to a "sudden stop," causing his head and shoulder to hit the glass partition.

On cross-examination the plaintiff testified he did not

see what happened out in front of the bus and that the place where the sudden stop was made was not at a regular stopping place.

The court overruled a motion for a directed verdict at the conclusion of the plaintiff's case holding in effect that the sudden stopping of the bus was sufficient evidence of the alleged acts of negligence in the way in which the bus was operated to take the case to the jury.

The defendant, in explanation of the sudden stop produced four witnesses all of whom, with some variation, testified that as the bus was proceeding out Broadway and had almost reached Aetna Road, a metal tank (by the witnesses described as about 1¼ feet in diameter and from four to eight feet long, painted a green or olive color used for storing gas) fell off the back end of a truck going north or in the opposite direction from the bus, and rolled toward and into the path of the bus whereby an emergency stop was necessary to avoid the sudden danger thus created.

The witness testified that the bus was going between 20 and 25 miles per hour, that the tank when it fell off the truck was from 30 to 60 feet away from the bus and rolling toward the side of the street upon which the bus was being operated, that is, into the path of the bus, and that the tank hit the left front wheel of the bus as or at the time it came to a stop.

The plaintiff did not attempt to contradict the defendant's explanation of the cause for the sudden stopping of the bus.

The defendant claims the following errors:

1. Error in overruling defendant's motion for judgment or directed verdict and in overruling defendant's motion for judgment non obstante veredicto and its motion for new trial.

2. Error in the admission and exclusion of evidence.

3. Error in the court's charge to the jury.

4. Misconduct of counsel for plaintiff, together with error and gross abuse of discretion by the trial court.

The plaintiff's case was bottomed entirely on his own testimony without corroboration, that the trolley bus came to a "sudden stop" at a place other than a usual stopping place causing his shoulder and head to hit and shatter a glass partition whereby he was injured. While his verbal description of the stop would not (standing alone) make out a case, yet the surrounding physical circumstance that the momentum created by the "sudden stop" threw the plaintiff into the glass partition with such force as to cause it to be shattered injuring him would be, with the plaintiff's testimony, sufficient to create an inference of negligence in the operation of the bus.

In the annotation to the case of Teche Lines Inc. v. Pittman

reported in 138 A. L. R. 220 (4 So. 2nd 293 Miss. Sup. Ct. 1941) at page 226, the author says:

"Proof that a jerk or jolt is of such suddenness and violence that negligence of the carrier causing it may be predicated thereupon may be inferred from certain physical facts in connection with such jerk or jolt.

"Thus, proof that a passenger was thrown from the seat in which he was sitting at the time of a jolt or jerk of the bus in which he was riding may give rise to the inference that the jolt was of such a violent nature as to subject the carrier to liability. Robinson v. Connecticut Co. (1936) 122 Conn. 300, 189 A. 453; Buckalew v. Eaton (1937) 118 NJL 188, 191 A 773; Shedlock v. Wyoming Valley Autobus Co. (1941) 340 Pa. 377, 17 A. (2d) 384; Bickle v. Reed (1935) 118 Pa. Super. Ct. 335, 179 A. 762; Roy v. United Electric R. Co. (1933) 53 RI 122, 164 A. 513, 32 NCCA 653; Wiggins v. North Coast Transp. Co. (1940) 2 Wash (2d) 446, 98 P (2d) 675."

We must conclude, therefore, that the court correctly overruled the defendant's motion for a directed verdict at the conclusion of the plaintiff's case.

As indicated above, the defendant by its opening statement admitted that the trolley bus was caused to make a sudden and unusual stop. In explanation of such admitted fact the defendant's evidence, which is not challenged by any contradictory proof on the part of the plaintiff, tended to establish that in making the sudden stop its driver was in the exercise of his full duty in guarding the safety of its passengers because of a sudden emergency which occurred and for which it was in no way responsible.

It is for the most part true that a jerk or jolt exceeding in intensity such as is reasonably necessary and usually experienced in stopping and starting a vehicle of a public carrier of passengers can be said to be the result of the failure to exercise the highest degree of care consistent with the practical operation of the system, and the carrier held to be negligent because of such sudden and unusual jerk or jolt. However, circumstances frequently arise where, in the exercise of the highest degree of care consistent with the practical operation of the system, it becomes necessary to stop a vehicle being operated as a common carrier of passengers with great suddenness to avoid a danger created by an emergency not coming about through the fault of the carrier.

In the case of Teche Lines, Inc. v. Pittman, supra, a hog ran into the road within seventy five feet of the oncoming bus. The headnotes of the case provide:

"1. It is the duty of one operating a passenger bus on a

pavement only 20 feet wide at a speed of 35 miles per hour, upon seeing a hog in the road only 75 feet ahead, to apply the emergency brakes, and any injury to a passenger resulting therefrom is not actionable.

"2. The fact that a passenger is standing or walking in the aisle of a bus, regardless of the reason by which he came to be there, does not affect the duty of the driver to apply the emergency brakes when necessary to avoid an accident, the driver's duty being to all the passengers, not merely to one of them."

And, on page 229 of the annotation, the rule is stated as follows:

"The inference of negligence on the part of the operator of a motor vehicle that arises from evidence of a violent and unusual jerk or jolt of the vehicle may be rebutted by proof that a sudden stop or turn was necessary to avoid a collision or some other unexpected emergency. Blennerhassett v. Connecticut Co. (1938) 124 Conn. 687, 199 A 443; Lyons v. Southeastern Greyhound Lines (1940) 282 Ky 106, 137 SW (2d) 1107, 7 NCCA (NS) 637; Gongales v. Toye Bros. Yellow Cab Co. (1940, La App) 198 So 379; TECHE LINES v. PITTMAN (Miss) (reported herewith) ante, 220; McLaughlin v. Union Transp. Co. (1936) 177 Okla 115, 57 P (2d) 868; Tochek v. Monongahela Transport Co. (1930) 109 W Va 20, 152 SE 776."

In the case of **Cleveland Ry. Co. v. Osborn, 66 Oh St 45,** the plaintiff claimed damages because of injury sustained when a streetcar on which he was a passenger came to a sudden stop. A sudden stop was admitted by the defendant, said defendant claiming it was necessary in the exercise of the highest degree of care consistent with the operation of the streetcar because the driver of a baking wagon drove directly into the path of the oncoming streetcar and such stop was made necessary to avoid a collision. The court held:

"1. In an action to recover for personal injury occasioned by negligence of the defendant, the plaintiff cannot recover by merely proving an act of the defendant which was the proximate cause of the injury; but to authorize a recovery, the plaintiff must also show that such act resulted from culpable negligence by the defendant.

"2. Where a passenger on a street railway car was thrown from the car and injured by the sudden stopping of the car in the effort to avoid a collision, and by the shock of a collision which was not brought about by the negligence of the defendant, it is damnum absque injuria."

And, on page 48 of the opinion the court said:

"Now it is claimed that because he did endeavor to avert the collision, he did it too vigorously and that the plaintiff in error should pay for a result which was unusual and which could not have been anticipated. It is true that the plaintiff in error was required to exercise toward the defendant in error, as a passenger, the highest practicable degree of care, or, to state it in another way, the highest degree of care possible under the circumstances; but we are sure that the gripman did no more than he ought to have done, and we are not able to conceive what else he could have done under the circumstances. The jury was not authorized to infer negligence from the proven facts."

The Osborne case, supra, was followed by the Supreme Court in the case of **The Cleveland Ry. Co. v. Orwig** and **Cleveland Ry. Co. v. Ingledew**, reported in **124 Oh St 135**. On page 137 the court said:

"It is apparent from the undisputed facts that the collision would not have occurred but for the locking of the steering wheel of the car, causing its driver to so lose control over it that it careened to the wrong side of the highway. This and not the conduct of the bus driver was the proximate cause of the accident. It is evident from the record that in the sudden emergency which confronted him the bus driver did what he could to avoid the collision, as he was in duty bound to do. In the situation here presented, the cases are determined upon the principle announced in **Cleveland City Ry. Co. v. Osborn, 66 Oh St, 45, 63 N. E., 604.**

"In both cases, the trial court should have sustained the motion of the defendant for a directed verdict; and the Court of Appeals should have rendered final judgment for the railway company. For failing so to do, the judgment of the Court of Appeals in each case is reversed, and final judgment rendered in favor of the plaintiff in error."

See also, **Jones v. Columbus & Southern Ohio Electric Co., 82 Oh Ap 46,** Beard v. City of Cleveland (unreported) decided by this court Nov. 7, 1949.

It seems clear from the foregoing authorities that the inference of negligence that might have been drawn from the sudden stop of the bus and the injuries sustained by the plaintiff was completely rebutted by the uncontradicted evidence of circumstances showing a sudden emergency requiring the bus driver to do everything in his power to avoid the oncoming gas tank. The proximate cause of the damage sustained by the plaintiff can not be attributed to the defendant in attempting to avoid the dangers caused by the gas tank falling from a truck and rolling directly into its

path when the bus in so far as the evidence from either side is concerned was then being driven in a lawful manner. We therefore sustain the defendant's first assignment of error.

The last three assignments of error seem to be well taken but because of our holding that final judgment must be entered for the defendant because of the failure of the court to grant defendant's motion for a directed verdict at the conclusion of the taking of all the evidence and for error in overruling the defendant's motion for judgment notwithstanding the verdict, there seems to be no need to give extended consideration to the questions therein presented.

For the foregoing reasons the judgment is reversed and final judgment entered for the defendant. Exceptions. Order See Journal.

HURD, J, THOMPSON, J, concur.