Elizabeth Pillou *v.* The Connecticut Company

Inglis, C. J., Baldwin, Wynne, Daly and Shea, Js.

Argued May 4—decided June 12, 1956

*Thomas P. Hackett,* with whom, on the brief, was *Edwin H. Hall,* for the appellant (defendant).

*Ralph S. Kantrowitz,* for the appellee (plaintiff).

WYNNE, J. This appeal concerns the facts of an accident causing injuries to a passenger on a bus of a common carrier. The assignment of errors has to do only with the finding and the conclusions of the trier.

Following is a summary of the facts found and not challenged: The plaintiff boarded a bus of the defendant in New Haven on January 9, 1952, about 5 p.m. All seats were occupied, and twenty-nine or thirty passengers, including the plaintiff, were standing. The bus was at a bus stop on Temple

Street about a bus length north of its intersection with Chapel Street. Traffic at this place is exceptionally heavy. An automobile was stopped just ahead of the bus. The automobile started ahead when the traffic light changed to green, and the bus started at the same time. The automobile stopped short without any warning. The bus driver applied his brakes with considerable force and caused the bus to stop. As a result, the plaintiff was thrown against the fare box and sustained injuries. The bus driver had started up the instant the automobile in front of him did, and his speed had accelerated from zero to eight to ten miles an hour.

The court also found, and its finding in this respect is not subject to correction, that the driver of the bus observed the position of the plaintiff and knew that if he brought the bus to a sudden stop she would fall against the fare box.

The court concluded that the bus driver was negligent under the conditions apparent at the time. The defendant argues that the speed of the bus was not unreasonable or unsafe and that there was uncontradicted testimony that it was necessary for the bus driver to stop quickly in order to avoid a collision with the automobile ahead. The defendant relies on *Robinson* v. *Connecticut Co.*, 122 Conn. 300, 303, 189 A. 453. In that case the bus driver was confronted by a sudden emergency for which he was in no way responsible. The situation here was different. The court was justified in finding on the bus driver's own evidence that he started up too soon and that his speed at the time was negligent. The defendant, as a common carrier of passengers for hire, was bound to use the utmost care consistent with the nature of

its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances. *Robinson* v. *Connecticut Co.,* supra, 301. The court found, as it was entitled to under the evidence, that the driver of the bus was watching his passengers instead of the road ahead and that his speed was excessive for the traffic conditions at the time. Ordinarily, a conclusion of negligence or freedom from it is one of fact. The reason is that the law furnishes no certain, specific, sufficient standard of conduct and, of necessity, leaves the trier to determine both what the conduct is and whether it comes up to the standard, as such standard exists in the mind of the trier. *Skovronski* v. *Genovese,* 124 Conn. 482, 483, 200 A. 575. Courts must necessarily rely upon circumstantial evidence and are entitled to draw reasonable and logical inferences from all the facts. *Fandiller* v. *Peluso,* 139 Conn. 225, 228, 92 A.2d 734. The court in the instant case could have determined that the speed of the bus constituted negligence.

The defendant relies on evidence to support its claim that the court erred in reaching its conclusions. The court's conclusions are to be tested by the finding. *Antenucci* v. *Hartford Roman Catholic Diocesan Corporation,* 142 Conn. 349, 358, 114 A.2d 216. In the final analysis, the contention of the defendant is that this court should retry the case on the evidence. This we cannot do. *Priday* v. *Bacon,* 125 Conn. 354, 357, 5 A.2d 709.

There is no error.

In this opinion INGLIS, C. J., DALY and SHEA, Js., concurred; BALDWIN, J., dissented.