MILLER, PLAINTIFF-APPELLEE, *v.* WARREN TRANSPORTATION COMPANY, INC., DEFENDANT-APPELLANT.

Ohio Appeals, Seventh District, Trumbull County.

No. 1555. Decided June 18, 1963.

214

*Messrs. Sieman, Sieman & Sieman,* for plaintiff-appellee.
*Messrs. Guarnieri & Secrest,* for defendant-appellant.

FRANCE, J.  This appeal is from a judgment entered on jury verdict for injuries received by plaintiff, a passenger on one of defendant's busses, resulting from a sudden stop of the bus in the intersection of Market Street and Pine Avenue in the City of Warren.

Plaintiff's evidence showed that he entered the bus at a regular stop at the curb of Market Street only about twenty feet from the intersection; that as he paid his fare and before he could be seated in the nearly empty bus, it started abruptly, causing him to lose his balance, pulled out into traffic and, before he could regain his balance, stopped with a jerk pitching him to the floor and against a seat of the bus.

Defendant, under general denial, claimed sudden emergency created by the conduct of an otherwise unidentified blue Ford car which approached in traffic along the left side of the bus and suddenly swept around it to make a right turn into Pine Avenue directly in its path thus requiring an emergency stop to avoid collision.  Three interrogatories were submitted to the jury to test its verdict with respect to the sudden emergency claim.  By answers to them the jury specifically found: (1) that such blue Ford did not turn in front of the bus, (2)

that the bus driver did not promptly apply brakes on discovering it, and (3) that no emergency existed by reason of such sudden entrance of the car in front of the bus.

Four errors are assigned: Overruling motion for directed verdict at the close of plaintiff's case; overruling such renewed motion at the close of all the evidence; failure to grant judgment notwithstanding verdict; and that the verdict and judgment were against the weight of the evidence and contrary to law.

Relative to the first assignment of error we observe that this was the second trial of the case, the trial judge at the first trial having directed a verdict at the close of plaintiff's case and been reversed for so doing. While we acknowledge that Ohio has rejected the "law of the case" theory (*New York Life Insurance Co.* v. *Hosbrook*, 130 Ohio St., 101), and that we are not foreclosed from re-examination of this question, we are entitled to give respectful attention to the prior decision of this court based on substantially the same showing by plaintiff.

Absent the claimed sudden emergency, as to which there was no evidence at this stage of the case, plaintiff produced adequate evidence not only that the jerk occasioning plaintiff's fall and injury was a violent one but that it followed by a matter of seconds an almost equally violent one occasioned by the abrupt start. The evidence indicated that the effects of the first jerk in point of time upon a standing passenger might well have been anticipated by the driver. Such sudden jerks, not normal in the operation of the vehicle, give rise to an inference of negligence in operation. *Cleveland Railway Co.* v. *Hunt*, 116 Ohio St., 291, *Cleveland Railway Co.* v. *Merk*, 124 Ohio St., 596, *Gongolewicz* v. *Cleveland* (Eighth District Court of Appeals), 61 Ohio Law Abs., 442. Having in mind that defendant owed plaintiff, as a passenger, the highest degree of care for his safety, that there was testimony showing that defendant's operator put the bus in motion abruptly while plaintiff was still at the fare box, and that there were two jerks, not one, we find that there was sufficient evidence from which the jury could find negligence which proximately caused plaintiff's injuries.

With respect to the second assignment, defendant's claim

is that the evidence of sudden emergency caused by the blue Ford's entrance into the bus's path successfully rebutted any inference of negligence resulting from plaintiff's case. In support of this position defendant cites *Cleveland Railway Co.* v. *Orwig et al.*, 124 Ohio St., 134, *Ross* v. *Cincinnati Transit Co.*, 105 Ohio App., 327, *Stine* v. *Springfield City Lines, Inc.*, 106 Ohio App., 429, and others as standing for the sound proposition that where unexpected entrance is made by another vehicle, the carrier operator's duty to the safety of other users of the highway and to his passengers requires him to avoid collision and that the sudden stop for such purpose, no matter how violent, is not negligence. Admitting the principle to exist does not bring the defendant within its scope factually. The cited cases involve situations in which the respective plaintiffs either conceded, or as in the *Ross case* claimed, the entrance of the offending vehicle. In the instant case the very existence of the "blue Ford" was denied. The testimony of both plaintiff and a disinterested witness seated near the front of the bus tended strongly to negate any such vehicle in close proximity to the bus. The driver's testimony of its existence was entirely uncorroborated. We do not, therefore, feel that the jury was obligated to accept his testimony at face value. At the very least the existence of such sudden emergency was a jury question which the jury resoundingly disposed of adversely to defendant's claims. Entirely apart from this there was at least some evidence from which a jury could have concluded that defendant's driver was not free from fault in the creation of the emergency.

The third and fourth assignments of error, to the extent that they have not been covered by the preceding discussion, appear to be based on the premise that both trial judge and jury were required to accept the bus driver's uncorroborated tale of the blue Ford. They were not and did not.

No assignment of error is well made. The judgment is affirmed.

DONAHUE, P. J., BROWN, J., concur.