SETARO MOTORS, INC. *v.* LEONARD INTELISANO

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued April 14—decided May 5, 1964

*Edward B. Winnick,* with whom, on the brief, were *Alexander Winnick, Arnold M. Potash* and *David W. Skolnick,* for the appellant (defendant).

*Harold M. Mulvey,* for the appellee (plaintiff).

ALCORN, J. This appeal from a judgment rendered after a court trial presents nothing but an attack on the court's finding of facts and the conclusions therefrom. In disregard of appellate rules, the defendant seeks to add fifty-eight paragraphs to the finding for no better reason than that they relate the testimony of his own witnesses. The lack of precision in the requests is emphasized by the fact that four paragraphs are sought to be added which appear verbatim in the finding. We are again required to criticize such a method of attack as the defendant has pursued. *Eastern Sportswear Co.* v. *S. Augstein & Co.,* 141 Conn. 420, 422, 106 A.2d 476; *Maggi* v. *Mendillo,* 147 Conn. 663, 668, 165 A.2d 603; *Megin* v. *Carney,* 148 Conn. 130, 132, 167 A.2d 855.

The case turns entirely on the question of credibility. The defendant bought a used truck equipped with a snow plow from the plaintiff, and $1200 is still owed on the purchase price. The truck was sold under an unconditional thirty-day guarantee. The defendant refused to pay the balance of the purchase price and sought to recover the cost of rebuilding the motor, claiming a breach of the guarantee. The finding is not subject to correction. The court has not found that the truck was defective when it was sold or that it became defective in the manner claimed by the defendant within the thirty-day guarantee period. On the contrary, it concluded that the truck was in good operating condition on the date of the sale, that the balance of the purchase price is due and owing to the plaintiff, and that the defendant failed to prove either that the vehicle needed any repairs within the thirty-day guarantee period or that rebuilding the motor, which was done some four months after the purchase, was attributable to the condition of the vehicle either at

the time of the sale or at any time within the guarantee period.

The claim that the court erred in refusing to credit the testimony of one of the defendant's witnesses is without merit. The credibility of witnesses was the trial court's responsibility. *Banks* v. *Adelman,* 144 Conn. 176, 179, 128 A.2d 534.

There is no error.

In this opinion the other judges concurred.