ROCCO CAPPIELLO *v.* JAMES H. HASELMAN

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued December 9, 1966—decided February 10, 1967

*Harold M. Mulvey,* for the appellant (defendant).

*B. Fred Damiani,* for the appellee (plaintiff).

Thim, J. The plaintiff, a pedestrian, recovered a judgment for damages for personal injuries which he sustained when he was struck by an automobile owned and operated by the defendant. The defendant claims the court erred in concluding that he was negligent and that the plaintiff was free from contributory negligence.

As a preface to his attack on these conclusions, the defendant seeks to have the court's finding corrected. He claims that the court erred both in refusing to find certain admitted or undisputed facts set forth in his draft finding and in finding certain other facts without evidence. He argues that if the finding is corrected accordingly, it will not support the judgment.

There is some merit to the defendant's request for correction. "[I]n fairness to the parties the court is rarely justified in omitting facts which, having been proved or conceded, litigants ask to have incorporated in the finding" and which they deem material to the presentation of their claims on appeal. *Watrous* v. *Sinoway,* 135 Conn. 424, 427, 65 A.2d 473. The court should include in its finding "all facts which . . . [it] finds proven which are claimed to be relevant and material to the questions of law raised." Practice Book § 619. The functions of the trial court and of counsel regarding the finding are somewhat distinct but yet are interrelated. The power to determine what facts have been proven lies primarily with the court as the trier of the facts. The right to decide what proven facts are relevant and material to the questions of law to be presented on an appeal lies primarily with counsel. Of course, we may ultimately disagree with

counsel as to the materiality of the included facts to the questions of law presented. They should, however, be before this court. Otherwise counsel is put to the task of seeking to have the finding corrected by this court. *Bridgeport Airport, Inc.* v. *Title Guaranty & Trust Co.,* 111 Conn. 537, 543, 150 A. 509.

In the present case, the court apparently took it upon itself to determine what proven facts were material to the questions of law involved in the case. Several paragraphs of the defendant's draft finding relating to physical facts were obviously undisputed, and yet the court refused to include them in its finding, apparently feeling that they were immaterial. In so refusing, the court erred, and the finding will be corrected to include these facts; *Corsino* v. *Grover,* 148 Conn. 299, 307, 170 A.2d 267; *Waterford* v. *Connecticut State Board of Education,* 148 Conn. 238, 247, 169 A.2d 891; so far as we deem them material to the questions presented. See *Grievance Committee* v. *Dacey,* 154 Conn. 129, 132, 222 A.2d 339. Other paragraphs of the draft finding were neither admitted nor undisputed; *Solari* v. *Seperak,* 154 Conn. 179, 182, 224 A.2d 529; and therefore cannot be added to the finding. Since one paragraph of the draft finding mixes undisputed and disputed matters, the entire paragraph was properly refused. *Holczer* v. *Independent Brass City Lodge, Inc.,* 104 Conn. 539, 540, 133 A. 666.

The defendant's claim that unsupported facts were erroneously included in the finding is without merit. The challenged paragraphs of the finding either are directly supported by the evidence or are based on inferences reasonably drawn from the evidence. See *Pierce* v. *Albanese,* 144 Conn. 241, 256,

129 A.2d 606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21; *Naumann* v. *Wehle Brewing Co.*, 127 Conn. 44, 46, 47, 15 A.2d 181. As such, their inclusion was not erroneous.

The finding as corrected reveals the following: On February 2, 1965, the plaintiff, aged sixty-nine, traveled by bus from New Haven to Orange to seek employment. He inquired about work at a department store and at a motel. At the motel, he was told that the last bus back to New Haven was about to leave. The plaintiff attempted to catch this bus but failed, and consequently he started to walk, in an easterly direction, back to New Haven along the Boston Post Road.

It was a clear, crisp winter evening. The plaintiff was wearing a light gray hat, a dark blue overcoat, a black scarf, and dark trousers. In this general vicinity, the Boston Post Road is a straight and level four-lane blacktop highway consisting of two eastbound and two westbound traffic lanes. Both the north and south shoulders of the highway are eight feet wide. There are no sidewalks. It had snowed the day before, and there had been intermittent snow earlier in the day, but by evening the highway and the shoulders had been cleared and the pavement was dry and in good condition. On the outside edge of both shoulders, there were snowbanks two to three feet high. Persons walking parallel to the highway therefore had to walk on the eight-foot shoulders.

As the plaintiff started walking, he noted there were overhead lights on the north side of the highway, so he walked on the north shoulder heading east facing the westbound traffic. After a little less than a fifth of a mile, the overhead lights on the north side of the road ended, and overhead lights

on the south side of the highway started. Therefore, the plaintiff crossed the road and continued along in an easterly direction on the south shoulder with his back to the eastbound traffic. Traffic was heavy. From the overhead lights, the auto headlights, and the reflections of these lights from the fresh snow cover, the highway and shoulder were well lighted. The plaintiff proceeded along for about two miles on the south shoulder, walking on the shoulder about three feet from the traveled portion of the highway. He was wary of the heavy traffic, and he looked back over his shoulder a number of times as he walked along.

At approximately 7 p.m., the defendant, the owner and operator of an automobile, was driving easterly along the Boston Post Road in Orange. He was a resident of Orange and had traveled this highway many times. He was aware that, because of the absence of sidewalks, pedestrians walked along the shoulders of the highway. Nevertheless, as he drove along, he so operated his vehicle that its right side was approximately three feet on the south shoulder of the highway.

As the defendant approached the area where the plaintiff was walking, the area in front of his car was fully illuminated for a few hundred feet; yet the defendant testified, and it was so found, that he did not see the plaintiff. The right front of the defendant's car struck the plaintiff, and the plaintiff was knocked unconscious. The point of impact was only twenty-five feet west of a telephone pole from which was suspended one of the overhead lights which were along the south shoulder.

Although the defendant did not see the plaintiff, he did hear the sound caused by the impact. He stopped his car and walked back and found the

plaintiff's unconscious body lying at an angle on the shoulder of the highway, his feet three feet, and his head six feet, from the traveled portion of the highway. The plaintiff sustained multiple injuries as a result of the accident. The only damage to the defendant's car was the tearing loose of a four-foot chrome strip extending from the right headlight to the right front door.

From the foregoing facts, the court concluded that, under the circumstances, the defendant was negligent in that he operated his vehicle partially on the south shoulder of the highway without keeping a proper lookout and in that, had he been exercising reasonable care, he should have been aware of the plaintiff's presence in this well-illuminated area. The court also concluded that the plaintiff was free from contributory negligence and that the defendant's negligence was the sole proximate cause of the impact.

Ordinarily, a conclusion of negligence is one of fact because " 'the law itself furnished no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier.' " *Palombizio* v. *Murphy,* 146 Conn. 352, 358, 150 A.2d 825 (quoting from *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 250, 21 A. 675).

The court, after determining what the conduct of both parties was, decided that under the circumstances the defendant should not have been operating his car partially on the shoulder of the highway. The defendant denied driving on the shoulder, and during the trial the exact location of the point of impact, which would be determinative of this issue, was vigorously disputed.

The defendant and his wife, who was a front-seat passenger in the car at the time, testified that at no point prior to the impact did the defendant's automobile leave the traveled portion of the highway. The plaintiff, however, testified that at all times before the impact he remained on the shoulder some three feet from the traveled portion of the highway. From this conflicting testimony, the court chose to believe the plaintiff's version. It was certainly within the province of the court, as the trier, to do so. *Setaro Motors, Inc.* v. *Intelisano,* 151 Conn. 590, 592, 200 A.2d 728; *Triano* v. *Brodowy,* 151 Conn. 445, 446, 199 A.2d 164. The fact that after the collision the plaintiff was found lying diagonally on the shoulder with his feet three feet and his head six feet from the traveled portion of the highway does not make his version illogical or conjectural in view of the fact that the plaintiff was dealt only a glancing blow by the front side of the defendant's car rather than a direct blow.

The court also concluded that the defendant failed to maintain a proper lookout while he was operating his car. The plaintiff produced no direct evidence on this point. It is true that a plaintiff must remove the issues of negligence and proximate cause from the field of conjecture and speculation. *Badela* v. *Karpowich,* 152 Conn. 360, 362, 206 A.2d 838. He may, however, prove his claims by circumstantial evidence. Indeed, in many cases, it may be the only evidence available. *Hennessey* v. *Hennessey,* 145 Conn. 211, 214, 140 A.2d 473.

In the present case, there was ample evidence that the plaintiff was walking in an area where he could readily be seen by a driver who was paying reasonable attention to where he was going. The defendant claimed he did not see the plaintiff. From this state-

ment, the court could reasonably and logically infer that the defendant was not keeping a proper lookout for pedestrians such as the plaintiff. *Baldwin* v. *Robertson,* 118 Conn. 431, 433, 172 A. 859. The facts need not be so conclusive as to exclude every other hypothesis. *Cayer* v. *Salvatore,* 150 Conn. 361, 364, 189 A.2d 505. Under the circumstances, the court was correct in concluding that the defendant was negligent and that his negligence was the proximate cause of the accident.

The remaining issue is whether the court erred in concluding that the plaintiff was free from contributory negligence. The burden of proof on this issue was on the defendant. General Statutes § 52-114. Where, however, the trier concludes that one is free from contributory negligence, that conclusion must stand unless "the conduct involved is manifestly contrary to that of the reasonably prudent man." *Faille* v. *Hollett,* 150 Conn. 397, 400, 190 A.2d 53. The conduct of the plaintiff cannot be so categorized. He wanted to go home and, having missed the last bus to New Haven, he started to walk. It is true that, with the exception of a light gray hat, the plaintiff's clothing was dark and that the Boston Post Road is a blacktop highway. The plaintiff, however, walked at all times on the shoulder which was under overhead highway lights, and the area where he walked was well illuminated. The snow bank immediately off the highway shoulder and the general cover of newly fallen snow in the area provided a light backdrop to the plaintiff's largely dark apparel. As he walked along, the plaintiff stayed on the shoulder of the highway some three feet from the traveled portion. As it turned out, this distance was not far enough to protect him from the defendant's car which was traveling on the shoulder. The

court was not, however, required to find that under the circumstances a reasonably prudent man should have anticipated danger if he walked on the shoulder three feet from the traveled portion of the highway. See cases such as *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 154 A.2d 517.

It cannot be said that as a matter of law the defendant sustained his burden of proving contributory negligence.

There is no error.

In this opinion the other judges concurred.