[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RULING ON MOTION FOR SUMMARY JUDGMENT (#136)
This action arises out of an accident that the plaintiff alleges occurred on August 19, 1997, when a car operated by the defendant, Cynthia Rokas, collided with the rear of the plaintiff's, Alan Schilling, bicycle. On February 18, 1998, the plaintiff filed a two-count complaint against the defendant. The plaintiff filed an amended two-count complaint on May 14, 1998, and filed a second amended complaint on January 13, 1999. In the first count, Schilling alleges that he sustained injuries due to the negligence and carelessness of Cynthia Rokas. The plaintiff alleges in part that Cynthia Rokas was negligent and careless in one or more of the following ways: "She followed too closely to the rear of the plaintiff's bicycle . . . She operated her vehicle at an unreasonable rate of speed . . . issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Practice Book § 381 [now § 17-46] . . . ." (Citations omitted; internal quotation marks omitted.) Witt v. St.Vincent's Medical Center, 252 Conn. 363, 368, 746 A.2d 753 (2000). A "motion for summary judgment is designed to eliminate the delay and expense litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989)
Nevertheless, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citation omitted.) Amendola v. Geremia, 21 Conn. App. 35, 37,571 A.2d 131, cert. denied. 215 Conn. 803, 574 A.2d 217 (1990). Summary judgment is particularly "ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and CT Page 9297 law, and requires the trier of fact to determine whether the standard of care was met in a specific situation. . . . [T]he conclusion of negligence is necessarily one of fact. . . ." (Citations omitted; internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431,434, 362 A.2d 857 (1975). "Issues of negligence are ordinarily not susceptible of summary adjudication" and should instead "be resolved by trial in the ordinary manner, " because "the conclusion of negligence is necessarily one of fact." Spencer v. Good Earth Restaurant Corp.,164 Conn. 194, 198-99, 319 A.2d 403 (1972). "[A] conclusion of negligence is one of fact" where "the law itself furnishe[s] no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier." (Citations omitted; internal quotation marks omitted.) Cappiello v. Haselman,154 Conn. 490, 495, 227 A.2d 79 (1967)
"Recovery of damages in negligence requires proof by a fair preponderance of the evidence that the actor owed a duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of actual harm suffered by the victim. Coburn v. Lenox Homes, Inc.,186 Conn. 370, 372, 441 A.2d 620 (1982)." Williams v. CampanaroConstruction Co., 20 Conn. App. 709, 712, 570 A.2d 228 (1990) . "It is important to distinguish between the existence of a duty and the violation of that [d]uty." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 171, 544 A.2d 1185 (1988)
The plaintiff argues that he is entitled to summary judgment because there is no genuine issue of material fact that the actions of Cynthia Rokas were the cause of the accident. The plaintiff argues that Cynthia Rokas fell asleep at the wheel before she struck the Schilling, did not maintain a proper and reasonable lookout, lost control of her vehicle and caused the collision with Schilling, and that the plaintiff cannot controvert that she had been drinking alcoholic beverages prior to the collision. The defendant argues that summary judgment is inappropriate in this case because the plaintiff's affidavit is self-serving, Cynthia Rokas has no recollection of the events leading up to the accident or of the accident, and that Cynthia Rokas may have been asleep while driving at the time of the accident was not alleged in the complaint.
Based on the total record presented in connection with the instant motion, the court is of the opinion that there exist genuine issues of material fact pertaining to liability. These issues are appropriately addressed by the trier of fact. Accordingly, the motion for summary judgment is denied. CT Page 9298
 BY THE COURT PETER EMMETT WIESE, J.