[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT DATED FEBRUARY 14, 2000 (#231)
This is a Memorandum of Decision on the plaintiffs' Motion for Summary Judgment as to the seventh, eighth and ninth counts of the counterclaim filed by the defendants, George J. Mandes and IntegriCare, Inc. The November 20, 1998, counterclaim alleged the following claims: Seventh count against Masonicare Corporation for tortious interference with a contractual and beneficial business relationship with Columbia/HCA with the closing anticipated to occur on October 13, 1998; Eighth count against Masonicare Corporation for unfair trade practice arising out of CT Page 10059 the Columbia/HCA allegations; and the Ninth count against Homecare, Inc. for unfair trade practices arising out of the Columbia/HCA allegations.
The plaintiffs filed an eleven count lawsuit against four defendants, including the two counterclaiming defendants, in a writ, summons and complaint dated October 1, 1998. Well before the return date, the defendants, Mandes and IntegriCare, filed an answer, three special defenses and nine counterclaims. In response to a Request to Revise, the two defendants filed an amended answer, special defenses and counterclaims. Three of these counterclaims are the subject of the plaintiffs' February 14, 2000 Motion for Summary Judgment. This court has already granted Partial Summary Judgment in favor of Mandes against Masonicare Corporation on the basis of a breach of contract and guaranty. The court is awaiting additional filings concerning calculation of interest, offer of judgment interest and attorney's fees on that summary judgment. The remaining portions of the defendants' counterclaims and the plaintiffs' complaint remain in active litigation.
In considering oral arguments of counsel and the multiple lengthy submissions by both sides in support of their positions on this Motion for Summary Judgment, this court has applied well defined standards for summary judgments. Mountaindale Condominium Assn., Inc. v. Zappone,59 Conn. App. 311, 315-16 (2000). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." D.H.R. Construction Co.v. Donnelly, 180 Conn. 430, 434 (1980). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242,246-47 (1990).
 Litigants have a constitutional right to have issues of fact decided by a jury. Ardoline v. Keegan, 140 Conn. 552, 555, 102 A.2d 352. Summary judgment procedure is especially ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation . . . [T]he conclusion of negligence is necessarily one of fact; Cappiello v. Haselman, 154 Conn. 490, 495, 227 A.2d 79; Farrell v. Waterbury Horse R. Co., 60 Conn. 239, 250, 21 A. 675. Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner.
CT Page 10060Spencer v. Good Earth Restaurant Corp., 164 Conn. 194, 198-99 (1972).
The Good Earth rule has been applied consistently since 1972. Maffucciv. Royal Park Ltd. Partners, 42 Conn. App. 563, 568 (1996); Amendola v.Geremia, 21 Conn. App. 35, 37 (1990); Diulio v. Goulet, 2 Conn. App. 701,703 (1984); Fogerty v. Rashaw, 193 Conn. 442, 446 (1984);Michaud v. Gurney, 168 Conn. 431, 433 (1975); Rice v. Welsh,33 Conn. Sup. 523, 527 (1976). This rule existed before Good Earth.Farrell v. Waterbury Horse R. Co., 60 Conn. 239, 250 (1891); Cappiellov. Haselman, 154 Conn. 490, 495 (1967); Pine Point Corp. v. Westport Bank Trust Co., 164 Conn. 54, 56 (1972).
One of the reasons for this rule is that a negligence action involves a question of fact. "The law itself furnishes no certain, specific, sufficient standard of conduct, and, of necessity, leaves the trier to determine, both what the conduct is, and whether it comes up to the standard, as such standard exists in the mind of the trier." Skovronskiv. Genovese, 124 Conn. 482, 483-84 (1938); Cappiello v. Haselman, supra,154 Conn. 495; Polumbizio v. Murphy, 146 Conn. 352, 358 (1959); Pillouv. Connecticut Co., 143 Conn. 481, 484 (1956).
The issues in this case deals with more than negligence. The Good Earth rule has been expanded to cover issues of motive and intent. The tortious interference and CUTPA counterclaims deal with motive. "It is . . . well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Tyronv. North Branford, 58 Conn. App. 702, 716 (2000); United Oil Co. v. UrbanRedevelopment Commissions, 158 Conn. 364, 376 (1969); Nolan v.Borkowski, 206 Conn. 495, 505 (1988). "Under this test, questions, about motive, intent and good faith should not be resolved by summary judgment." Paine Webber Jackson Curtis v. Winters, 13 Conn. App. 712,721 (1988); Multi-Service Contractors Inc. v. Vernon, 193 Conn. 446,451-52 (1984).
One counterclaim sounds in tortious interference and two counterclaims sound in violation of the Connecticut Unfair Trade Practices Act. The elements of both claims are questions of fact and neither theory contains specific standards of conduct.
This court has long recognized a cause of action for tortious interference with contract rights or other business relations . . . [We have held, however, that] not every act that disturbs a contract or business expectancy is actionable. [F]or a plaintiff successfully to prosecute such an action it must prove CT Page 10061 that the defendant's conduct was in fact tortious. This element may be satisfied by proof that the defendant was guilty of fraud, misrepresentation, intimidation or molestation . . . or that the defendant acted maliciously . . . [A]n action for intentional interference with business relations . . . requires the plaintiff to plead and prove at least some improper motive or improper means. . . The plaintiff in a tortious interference claim must demonstrate malice on the part of the defendant, not in the sense of ill will, but intentional interference without justification. . . . In other words, the employee bears the burden of alleging and proving "lack of justification" on the part of the actor. (Citations omitted; internal quotations marks omitted.)
Daley v. Aetna Life and Casualty Co., 249 Conn. 766, 805-06 (1999).
 Section 42-110b (a) provides that [n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce. It is well settled that in determining whether a practice violates CUTPA we have adopted the criteria set out in the "cigarette rule" by the federal trade commission for determining when a practice is unfair (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to the consumers, [competitors or other businesspersons] . . . . All three criteria do not need to be satisfied to support a finding of unfairness. A practice may be unfair because of the degree to which it meets one of the criteria or because to a lessor extent it meets all three.
Hartford Electric Supply Co. v. Allen Bradley Co., 250 Conn. 334, 367-68
(1999).
A violation of CUTPA may be established by showing CT Page 10062 either an actual deceptive practice . . . or a practice amounting to a violation of public policy . . . Whether a practice is unfair and thus violates CUTPA is an issue of fact.
Willow Springs Condominium Assn., Inc. v. 7th BRT Dev. Corp., 245 Conn. 1,43 (1998).
 The Connecticut Unfair Trade Practices Act has brought expanded remedies and broad and indefinite substantive standards to the law of business torts . . . To remedy these problems CUTPA was written in the broadest of terms. This has required and continues to require development and application of doctrine across a wide range of issues.
R. Langer, J. Morgan D. Belt, The Connecticut Unfair Trade Practices Act (Vol. 1, 1994) P. 7.
The court believes the Good Earth rule applies to motions for summary judgment in CUTPA and tortious interference suits. This court has examined the Bryant deposition in which this representative of Columbia!HCA stated that the possibility of Mandes not receiving any money from the sale of his stock of Homecare, Inc. was not a factor in the deal not being closed. This established a material issue of fact. Furthermore, there is a material issue of fact as to whether the plaintiffs knew of the Sun and/or Columbia/HCA deals before the payments to Mandes were stopped.
"Litigants have a constitutional right to have issues of fact decided by a jury." Michaud v. Gurney, supra, 168 Conn. 434. "A party has the same right to submit a weak case as he has to submit a strong one."Thomas v. West Haven, 249 Conn. 385, 392 (1999); Maffucci v. Royal ParkLtd. Partners, supra, 42 Conn. App. 572.
The plaintiffs' Motion for Summary Judgment as to the seventh, eighth, and ninth counts of the defendants' November 20, 1998 counterclaim is denied.
SO ORDERED.
BY THE COURT,
KEVIN TIERNEY, J.