[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the plaintiff, Willis Taylor, against H.N.S. Management Co., Inc. (hereinafter referred to as Connecticut CT Page 14880 Transit) for injuries sustained on March 11, 2001, when he entered the defendant's bus on Captain Thomas Boulevard in West Haven. The plaintiff claims that after paying his fare and turning to find a seat, he was thrown to the floor injuring his back and shoulder. The plaintiff testified as did the defendant's bus driver, Gordon Madore. In addition to the testimony of these two individuals, the parties stipulated to the admission of Dr. Pappas' two medical reports, his bill for $2070 and the weather report. The plaintiff testified that he was caused to fall before he reached a seat on the bus because the bus moved forward with a jerking motion knocking him to the floor. Both witnesses agree that it was raining at the time the plaintiff entered the bus and that the floor of the bus warn wet. The bus driver, Gordon Madore, testified the bus was at a stand still when the plaintiff fell and his fall was caused by the plaintiff's wet sneakers. Although, liability was disputed, this court finds certain facts significant in determining its verdict. First, the weather on the day in question was rainy and the floor of the bus was wet. Second, the bus driver was aware of the fact that the plaintiff warn handicapped and walked with a limp. The plaintiff's fall occurred within seconds of his paying his fare. The Court concludes that the bus driver was negligent as he warn aware of the wet conditions of the floor, the plaintiff's physical handicap and that he started up the bus before the plaintiff had an opportunity to be seated. The entry on Madore's incident report states the bus was moving at .05 mph and his prepared statement indicates he was idling getting ready to depart. This statement also contains the phrase crossed out "I wasn't going 5 mph". The court concludes the plaintiff's injuries were caused by the defendant's negligence in moving the bus quickly before the plaintiff had an opportunity to find a seat combined with the wet floor of the bus and the driver's awareness of the plaintiff's handicap.
As stated in Pillou v. Connecticut Co., 143 Conn. 481 (1956), at p. 481, "The defendant, as a common carrier of passengers for hire, was bound to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances."
The Court finds that the plaintiff has satisfied his burden of proof by a preponderance of the evidence. Accordingly, the court finds for the plaintiff and awards him $2070. in economic damages plus $4,500. in non-economic damages for his injuries, pain and suffering, for a total award of $6,570.
Therefore, the plaintiff is entitled to recover the sum of $6,570. And judgment may enter for this sum together with costs of suit.
GROGINS, J. CT Page 14881